CASE 28—PETITION EQUITY—NOVEMBER 4.

# Northwestern Mutual Life Insurance Company v. Barbour, &c.

## Same v. Same.

### APPEALS FROM LOUISVILLE CHANCERY COURT.

THE RIGHT TO APPEAL FROM A DECISION OF THE SUPERIOR COURT in these cases did not accrue, and as a consequence the limitation of six months prescribed by the statute did not begin to run, until the petition for rehearing was overruled by that court, and as the appeal was granted by that court within six months from that date, it was in time.

BARNETT, MILLER & BARNETT FOR APPELLANT.

1. The petition for rehearing having been overruled by the Superior Court on September 11, 1891, the appeal granted on January 6, 1892. was within six months from the time the right of appeal first accrued. (Act of April 22 1882; General Statutes 1887, III (a), 350· Carroll's Code, p. 377; Cline v. Wrightson, 7 Ky. Law Rep.. 215; Elliott on Appellate Procedure, sec. 119; N. W. & S. L. R. Co. v. Doane, 105 Ind., 92; Colchen v. Ninde. 120 Ind., 90.)

2. The motion for an appeal having been made within six months, the failure of the court to act upon it until after six months had elapsed, can not prejudice the appellant. (Broom's Legal Maxims, 122; Powell on Appellate Procedings, p. 419; Elliott on Appellate Procedure, sec. 117; Boody v. Watson, 64 N. H., 162; Lewis v. Commissioners. 16 Kans , 106: Edwards v. James, 13 Tex., 52; United States v. Gomez,

Northwestern Mutual Life Insurance Co. v. Barbour, &c.    Same v. Same.

3 Wall., 752; United States v. Vigil, 10 Wall., 423; Laymance v.
Laymance, 15 Lea., 476; Green v. Cobden, 4 Scott's Cases, 486;
Bridges v. Smith, 8 Bingham, 29; Miles v. Williams, 9 Ad. & El.,
167; Moore v. Roberts, E. C. L. R., 844; Singleton's Adm'r v.
Kennedy, 9 B. M., 223; Doty v. Trustees of Berea College, 12 Ky.
Law Rep., 964.)

3. The appeal can be granted only by the Superior Court; and, having
been granted by that court without objection, this court will hear it.
(Act of April 22, 1882, sec. 7; Carroll's Code, 377; Frazier v. Clark,
88 Ky., 263.)

4. The act regulating appeals relates to the performance of judicial duties,
and is directory only. (Endlich on the Interpretation of Statutes,
sec. 436; Cooley's Const. Limitations, 6th Edition, p. 92.)

5. The certificate of the Superior Court granting the appeal is signed by
two judges, and conforms to the requirements of the law. (Act of
April 22, 1882; sec. 5, Carroll's Code, 377; Western Assurance Co. v.
Rector, 8 Ky. Law Rep, 56; S. C., 1. S. W. R., 391; Frazier v.
Clark, 88 Ky., 267.)

6. Upon the merits, the judgment of the lower court must be reversed,
and the cross-appeals dismissed to be in harmony with N. W. M. L.
Insurance Co. v. Barbour, 13 Ky. Law Rep., 619. The parties, the
contracts and the issues are identical in each case, the beneficiaries
only being different. (N. W. M. L. I. Co. v. Barbour, 13 Ky. Law
Rep., 619; South's Heirs v. Thomas' Heirs, 7 T. B. M., 456; Cochran
v. Walker, 82 Ky., 225; Steinharter v. Wolfstein, 13 Ky. Law Rep.,
635.)

DODD & DODD FOR APPELLEES.

1. The judgment of the Superior Court having been rendered on the 3d
of June, 1891, an appeal granted January 6, 1892, was beyond the time
allowed by the statute. (General Statutes, 1888, Bullitt & Feland's
Ed., Article III (a), sec. 7.)

2. The provision of the statute is mandatory. (Hudson v. Jefferson
County Court, 28 Ark., 362; Varney v. Justice, 86 Ky., 600; Childs
v. Smith, 55 Barb., 53; Norwegian Street Case, 81 Pa., 349; Hur-
ford v. City of Omaha, 4 Neb., 349; Briggs v. Georgia, 15 Vt., 72;
District Township v. Dubuque, 7 Iowa, 276; Stayton v. Hulings, 7
Ind., 147; Sutherland on Statutory Construction, secs. 454, 455, 456
and 459.)

3. The Superior Court, in its certificate granting the appeals, did not con-
form to the statutory requirements applicable to such cases, where-
fore the appeals should be dismissed. (Anderson v. People, 28 Ill.
App., 317; Mining Co. v. Ross, 20 Nevada, 140; State v. Easton, 20
Atl. R., 242; Attorney-General v. Sutton, 10 H. L. Cases, 704;
Edwards v. Vandemack, 13 Ill., 633; Grover v. Coon, 1 N. Y., 536;

Wait v VanAllen. 22 N. Y., 319; Bank of Monroe v. Widner, 11 Paige, 529; Jackson v. Weisburn, 5 Wend., 136.)

4. On the merits, the judgment below must be affirmed, that it may be in harmony with Johnson v. Insurance Co., 79 Ky., 40'; Insurance Co. v. Fort's Adm'r, 82 Ky., 269; Insurance Company v. Montague, 84 Ky, 653; and Montgomery v. Insurance Co., 14 Bush, 51.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

October 1, 1889, three actions were instituted in the Louisville Chancery Court by James P. Barbour and others to recover of the Northwestern Mutual Life Insurance Company on four distinct policies of insurance on his life.

One of the actions was on policies for five thousand dollars and for two thousand five hundred dollars, payable to Minnie R. Barbour, his wife, and to his children. The second action was on a policy for two thousand five hundred dollars, payable to his wife only, and the third was on a policy for ten thousand dollars, payable to his children.

Judgment was rendered in favor of plaintiffs in each action, though not for full amount of either policy. But from the several judgments a separate appeal was prosecuted by defendant—to this court from that rendered in the first and to the Superior Court from those rendered in the other actions. December 1, 1891, the judgment in the first mentioned action was by this court reversed, and the case remanded with directions to the lower court to overrule the general demurrer to the answer, which, unless the facts stated in that answer turn out to be untrue, involves ultimate dismissal of the action. (See N. W. Life Ins. Co. v. Barbour, 92 Ky., 427.)

The Superior Court, however, affirmed the judg-

ments rendered in the other two actions. But as the four policies are similar in character and the same defense is made in each action, the same opinion, followed by the same mandate, will have to be rendered by this court in those cases, as was done in the other, unless the motion of plaintiffs to dismiss the two appeals from the Superior Court be sustained.

The ground of that motion is non-compliance with section 7 of the statute, approved April 22, 1882, creating "the Superior Court of Kentucky," as follows: "All appeals from the Superior Court to the Court of Appeals shall be prayed for and granted in the Superior Court. But no appeal shall be granted after six months from the time the right to appeal first accrued, unless the party appealing therefrom was a defendant in the original action and an infant."

It appears that July 4, which was in due time after June 3, 1891, date of the opinion and mandate of the Superior Court in the two cases, defendant filed a petition for rehearing in each. But they were not passed on until September 11, 1891. Nor, though a motion therefor was made as early as September 7, 1891, was an appeal to this court in either case granted until January 6, 1892, more than six months after the opinion and mandate. So it is apparent the right of appeal, if gone, has not been lost by laches of defendant. And that the construction of the statute contended for by plaintiffs makes possible such wrong to a litigant, is sufficient reason for not adopting it, unless constrained to do so.

It seems to us the right to appeal in these cases did not, in meaning of the statute, accrue, and, as a

consequence, limitation of six months did not begin to run, until after the petition for rehearing had been passed on 'and overruled by the Superior Court; for as up to time of final decision of that petition, the Superior Court retained jurisdiction to grant a rehearing, and was bound to do so, if, in its opinion, sufficient grounds therefor existed, it can not be assumed that either the right to appeal had accrued or power to grant it existed previously.

Wherefore, in each case the motion to dismiss is overruled, judgment on cross-appeal affirmed, and on appeal reversed, and cases remanded with direction to overrule the demurrer to each answer, and for further proceedings consistent with this opinion.