RILEY BRYAN, Administrator of the Estate of ALLEN BRYAN, Deceased, E. R. BRYAN and JULIA BRYAN, Appellants, v. INSPIRATION CONSOLIDATED COPPER COMPANY, a Corporation, Appellee.

1. DEATH—ACTIONS — EMPLOYERS' LIABILITY ACT — PARTIES.—Under the Employers' Liability Act (Civ. Code Ariz. 1913, par. 3158), declaring that, where death ensues, the employer shall be liable to personal representatives of the deceased for the benefit of the widow, or husband and children, and, if none, then to such employee's parents, the administrator of a deceased employee cannot sue for the benefit of deceased's parents on the theory that he is trustee of an express trust within paragraph 400, but suit must be in the name of the parents as the real parties in interest.

2. DEATH — ACTIONS — PARTIES—SUBSTITUTION—DEPARTURE.—Where the administrator of a deceased servant sued under Employers' Liability Act (Civ. Code Ariz. 1913, par. 3158) for the benefit of the surviving parents, on the theory that he was trustee of an express trust within paragraph 400, the substitution of the parents as the real parties in interest was a departure, and therefore properly denied.

[As to action by dependents for death of their supporter, see note in 85 Am. St. Rep. 841.]

APPEAL from a judgment of the Superior Court of the county of Gila.   G. W. Shute, Judge.   Affirmed.

STATEMENT OF FACTS BY THE COURT.

An action under the employers' liability law (Civ. Code 1913, tit. 14, c. 6) by the administrator of the estate of Allen Bryan, deceased, to recover compensation for loss occasioned by an accident resulting in the death of said Allen Bryan. The cause was tried to a jury. The jury rendered a verdict for plaintiff. The defendant moved to vacate the verdict and moved for a judgment for defendant notwithstanding the verdict. Defendant's motions were granted. The plaintiff appeals from the judgment dismissing the action.

Messrs. Baker & Baker and Mr. A. C. McKillop, for Appellant.

Mr. Edward W. Rice, for Appellee.

CUNNINGHAM, C. J.—The appellant's assignments of error are as follows:

"(1) The court erred in rendering judgment for the appellee, because the action was properly brought in the name of Riley Bryan, administrator of the estate of said deceased.

"(2) The court erred in denying the application of the appellant, Riley Bryan, administrator of the estate of the said deceased, to file amended complaint, substituting E. R. Bryan and Julia Bryan, parents of said deceased, as plaintiffs in the place of Riley Bryan, administrator of the estate of said deceased."

The complaint, after stating the facts, alleges:

"(6) That by reason of the death of the plaintiff's said intestate, Allen Bryan, the estate of said Allen Bryan, deceased, and the plaintiff as administrator thereof, has sustained damages in the sum of $35,000; that the said intestate, Allen Bryan, was unmarried, and left surviving his father and mother, the parents of said Allen Bryan, and that this action is brought by the plaintiff as administrator for the benefit of said surviving parents."

The appellant contends that the action was properly brought by the administrator of the estate of Allen Bryan, deceased, for the benefit of the parents of deceased. If appellant's contention is correct, then the court committed no error by rejecting the plaintiff's offer to substitute the beneficiaries for the trustee, the administrator.

"Every action shall be prosecuted in the name of the real party in interest: Provided, an executor or administrator, or a trustee of an express trust or a person expressly authorized by statute, may sue without joining with him the person for whose benefit the action is brought." Paragraph 400, Civ. Code, Ariz. 1913.

The complaint shows on its face that the action is brought by the administrator for the use and benefit of the parents of the deceased; consequently, under the proviso of said paragraph 400, the cause could properly be prosecuted by the administrator without joining the beneficiaries. It naturally follows that the court was wholly within the law when it rejected the motion of the administrator to substitute the beneficiaries for the administrator as the party plaintiffs, unless paragraph 3158, Civil Code of 1913, employers' liability law, changes the rule prescribed by paragraph 400, *supra*.

The portion of said paragraph 3158 applicable to the question here presented is as follows:

" . . . Personal injury or death by any accident arising out of and in the course of such labor, service and employment, and due to a condition or conditions of such occupation or employment, is caused to or suffered by any workman engaged therein, in all cases in which such injury or death of such employee shall not have been caused by the negligence of the employee killed or injured, then the employer of such employee shall be liable in damages to the employee injured, or, in case death ensues, to the personal representative of the deceased for the benefit of the surviving widow or husband and children of such employee; and, if none, then to such employee's parents; and, if none, then to the next of kin dependent upon such employee; and, if none, then to his personal representative, for the benefit of the estate of the deceased."

The defendant, appellee, contends for a construction to be placed on the statute to the effect that the personal representative of the deceased can maintain an action only for the benefit of the surviving husband or wife and children of the deceased, and also for the benefit of the estate of the deceased; that whenever, as in this case, the liability of the statute accrues, to the parents of the deceased, such parties are the real parties in interest, and the personal representative of the deceased is given no authority to represent such parents and maintain the action to recover such liability. The trial court so construed the statute, and we think that construction is the correct meaning to be given the language used. The legislature had the power to authorize the personal representative of the deceased to act as the trustee for the surviving parents of deceased, and, in that event, to commence and prosecute an action to recover for the loss of their son; but the legislature has not done so, but has treated the parents as capable of enforcing the right given by statute, if any. If they recover, they recover that which the law permits, and thereafter account to no one. If the administrator should sue and recover for the benefit of the parents, he recovers only that which the parents are entitled, in their own right, to recover, and no more. The administrator cannot recover for his expenditure in such case from the defendant. Nor could he claim anything from the beneficiaries on any theory other

than an implied contract to pay for the reasonable value of his services. It is clear in reason and plain language that the administrator of the estate of Allen Bryan, deceased, is not a proper party to sue for and recover the rights given Allen Bryan's parents arising from said employers' liability law.

Appellant's first assignment of error, on the ground that the court erred in rendering judgment for appellee because the action was properly brought in the name of Riley Bryan, administrator of the estate of said deceased, must be denied.

The second assignment of error, the order refusing an amendment to the complaint "substituting E. R. Bryan and Julia Bryan, the parents of said deceased, as plaintiffs in the place of Riley Bryan, administrator of the estate of deceased," must be denied also. The said substitution of parties is a clear departure in the proceedings, and will not ordinarily be permitted. Clearly, the action was commenced by one party, and, if another is substituted, the action would therefore become an action prosecuted by the real parties in interest, while the action, as commenced, was one prosecuted by a trustee of an express trust—by a trustee for the use and benefit of others. The parties substituted would not continue to prosecute the action in a representative capacity as the action was commenced, but they would prosecute the action from the time they became parties in their own right, as an original action. The substitution of parties would clearly change the action in material matters, and in effect would amount to the commencement of a new and materially different action. The trial court correctly denied the motion to substitute the parties.

There being no error in the record, the judgment will stand affirmed.

ROSS and PATTEE, JJ., concur.

NOTE.—Judge BAKER having announced his disqualification to participate in the decision in this case, SAMUEL L. PATTEE, Judge of the Superior Court of Pima County, Arizona, was requested to and did sit with the other judges in the disposition of this cause.