[Civil No. 1758.   Filed March 22, 1920.]

[188 Pac. 130.]

TOM REED GOLD MINES COMPANY, a Corporation, Appellant, v. J. A. GEORGE, Administrator of the Estate of MART R. SMITH, Deceased, Appellee.

DEATH—ACTION FOR DEATH OF UNMARRIED CHILDLESS EMPLOYEE MUST BE BROUGHT BY PARENTS.—Under employers' liability law suit for an unmarried childless employee's death cannot be maintained by his administrator, but only by his living parent, or by his parents jointly, if both are alive.

APPEAL from a judgment of the Superior Court of the County of Mohave. E. E. Bollinger, Judge. Reversed.

Messrs. Anderson & Ellis, for Appellant.

Mr. C. W. Herndon and Mr. J. E. Russell, for Appellee.

PER CURIAM.—This case was tried to a jury in the superior court of Mohave county on April 22, 1919, and resulted in a verdict and judgment in favor of the plaintiff in the sum of $5,000. The action was commenced by J. A. George, administrator of the estate of Mart R. Smith, deceased, and the complaint, after alleging the appointment and qualifications of the plaintiff as such administrator, further alleges that the deceased died from the effects of injuries re-

ceived in falling down a manway while engaged in work as a miner in the defendant's mine, and that the accident was one arising out of, and in the course of, the employment of said deceased by the defendant, and was due to a condition or conditions of his employment. It will thus be seen that the action was based on the employers' liability law of the state. Rev. Stats. 1913, c. 6. The undisputed evidence clearly shows that the deceased, Mart R. Smith, was unmarried and left no wife or children him surviving. It also clearly appears that his mother survived him, and was living at the time of the commencement of the action, and, so far as the record shows, is still alive. Some doubt exists as to whether his father is living. This being so, the action cannot be maintained by the plaintiff as the administrator of the estate of the deceased. It can only be maintained by the mother of the deceased or by his mother and father jointly, if the father is still alive. The point has been definitely settled by this court in the case of *Bryan* v. *Inspiration Consolidated Copper Co.*, 20 Ariz. 485, 181 Pac. 577. That case is conclusive of the present one.

It follows that the judgment of the lower court must be, and the same is hereby, reversed for further proceeding not inconsistent with this decision.