RILEY BRYAN, Administrator of the Estate of ALLEN BRYAN, Deceased, E. R. BRYAN and JULIA BRYAN, Appellants, v. INSPIRATION CONSOLIDATED COPPER COMPANY, a Corporation, Appellee.

APPEAL AND ERROR — ON REVERSAL OF JUDGMENT, NOTWITHSTANDING VERDICT, JUDGMENT PROPERLY DIRECTED ON THE VERDICT.—On reversal of a judgment for defendant, notwithstanding the verdict for want of proper parties plaintiff, on the ground that a motion to substitute other parties as plaintiff should have been granted and an amendment of the complaint accordingly allowed, thereby placing the case in the same position existing before judgment was rendered, the court properly directed judgment for the substituted plaintiffs on the verdict, as, at law, judgment follows the verdict as a matter of course.

On motion for rehearing. Motion denied.

(For opinion, see 23 Ariz. 541, 205 Pac. 904.)

PATTEE, Superior Judge.—By its motion for a rehearing, the appellee seeks a modification of the judgment of this court, by eliminating the direction that judgment be entered upon the verdict in favor of the substituted plaintiffs. The decision of this court was that the motion to substitute the parents in place of the administrator should have been granted, and that the amendment of the complaint accordingly should have been allowed, and that such amendment and substitution did not work any change in the cause of action and should be considered as relating back to the commencement of the action. The result is to place the case in the same position as though the parents had brought the action in the first instance. It is conceded by the appellee that:

''The reversal of the judgment reinstates the verdict and restores the case to the condition which existed before judgment was rendered.''

It follows that the case stands as though a verdict had been rendered in favor of the substituted plaintiffs. In an action at law, judgment follows the verdict as a matter of course. Save the right to grant a new trial the trial court would, in an ordinary case, have no power to do anything but render judgment on the verdict. So here, the amended complaint presenting no new issue, so far as the merits of the case are concerned, but, merely placing the proper parties to maintain the action as plaintiffs, no other course is possible, except to render judgment upon the verdict already returned. If reasons exist for setting aside the verdict and granting a new trial, they may be presented to the court below by proper motion, and the right to do so is expressly preserved by the judgment of this court. That the direction to enter judgment upon a verdict which is reinstated by an appellate court is neither unusual nor improper is shown by many adjudicated cases. For an instance, see *Southern Pac. Land Co.* v. *Dickerson* (Cal. Sup.), 204 Pac. 576.

The motion for rehearing is denied.

ROSS, C. J., and McALISTER, J., concur.