[Civil No. 2165.   Filed January 3, 1925.]

[231 Pac. 1091.]

## E. R. BRYAN and JULIA BRYAN, Appellants, v. INSPIRATION CONSOLIDATED COPPER COMPANY, a Corporation, Appellee.

1. NEW TRIAL — JURISDICTION TO GRANT NEW TRIAL NOT LOST BY FAILURE TO PASS ON MOTION WITHIN SIX MONTHS AFTER RENDITION OF JUDGMENT.—Jurisdiction to grant new trial is not lost at expiration of six months from rendition of judgment, by reason of Civil Code of 1913, paragraphs 599, 600, 1233, 1267, relating to modification of judgments and time for appeal, paragraphs 584, 591, not limiting time within which motion shall be determined, and limitation of time for appeal being inoperative while motion for new trial is pending.

2. APPEAL AND ERROR—LIMITATION ON TIME FOR APPEAL HELD TO RUN ONLY FROM DENIAL OF MOTION FOR NEW TRIAL.—The six months' period in which appeal may be taken from final judgment, under Civil Code of 1913, paragraph 1233, begins to run only after judgment has become final by order granting or denying new trial, where motion for new trial was made.

3. APPEAL AND ERROR—NOTICE OF APPEAL AND FILING OF BOND PER-
FECTS APPEAL AND TERMINATES TRIAL COURT'S JURISDICTION.—
An appeal is perfected by giving notice of appeal and filing a
bond, resulting in removal of case to appellate court and ter-
minating trial court's jurisdiction.

4. NEW TRIAL—THAT COURT HAS POWER TO CORRECT JUDGMENTS ON
OWN MOTION HELD NOT TO AFFECT LITIGANT'S RIGHTS AS TO MO-
TION FOR NEW TRIAL.—That a court may of its own motion cor-
rect its judgment within limited time after rendition in no way
affects right of a litigant to move for new trial or not, as he
chooses, and, having made such motion, to withdraw it at any
time previous to action upon it.

5. NEW TRIAL—ORDER FOR SUBMISSION ON BRIEFS HELD EQUIVALENT
IN EFFECT TO CONTINUANCE UNTIL MATTER COULD BE DETER-
MINED.—An order that motion for new trial be submitted upon
briefs, and matter continued pending receipt and exchange of
briefs, *held* sufficient to continue matter until such time thereafter
as court could determine question involved, and to be equivalent
to order taking motion under advisement.

6. NEW TRIAL—ORDER GRANTING MOTION FOR NEW TRIAL BASED ON
SEVERAL GROUNDS SHOULD SPECIFY GROUNDS ON WHICH ORDER
BASED.—An order granting motion for new trial made on several
grounds should indicate on what ground or grounds order is based.

7. DEATH—IN ACTION FOR DEATH OF EMPLOYEE, IN WHICH PARENTS
WERE SUBSTITUTED FOR ADMINISTRATOR, COMPLAINT HELD NOT TO
WARRANT ADMISSION OF EVIDENCE DECEASED CONTRIBUTED TO
THEIR SUPPORT.—In action under Employers' Liability Act (Civ.
Code 1913, pars. 3153–3179), begun by administrator to recover
damages sustained by the estate, in which parents were substituted
as plaintiffs, where complaint contained no allegation of damage
to parents, allegation that they were living, and that action was
brought for their benefit, *held* not to render admissible evidence
that deceased son had contributed to their support.

APPEAL from a judgment of the Superior Court
of the County of Gila. G. W. Shute, Judge. Af-
firmed.

Messrs. Baker & Whitney and Messrs. Jennings &
Strouse, for Appellants.

Messrs. Rice & Mathews, for Appellee.

7.  See 8 R. C. L. 809.

McALISTER, C. J.—Including a rehearing this case is before the court for the third time. See 20 Ariz. 485, 181 Pac. 577, and 23 Ariz. 541, 205 Pac. 904. It is an action under the Employers' Liability Law (Civ. Code 1913, pars. 3153–3179) to recover damages from the Inspiration Consolidated Copper Company for the death of Allen Bryan, an unmarried man. The suit was instituted by his administrator, Riley Bryan; but upon motion of the latter E. R. Bryan and Julia Bryan, parents of the deceased, were substituted as plaintiffs, and they won a verdict for $10,000 upon which judgment was rendered June 5, 1922. A motion for a new trial based upon twelve different grounds was filed within the proper time, but the hearing thereon was continued by order of the court until September 11, 1922, when it was argued and ordered submitted upon the briefs to be filed within certain specified dates. On December 7, 1922, this motion was granted, but the court did not state or specify upon which of the alleged grounds its action was based. It is from this order the plaintiffs appeal.

Only two errors are assigned. The first attacks the jurisdiction of the court to grant the motion for a new trial upon these two grounds: First, that the order was not made within six months after the rendition of the judgment; second, that the motion was not continued by proper orders entered in the case. The second assignment bases error upon the order granting the motion for a new trial, and gives thirteen different reasons why such action was erroneous. The first twelve of these merely negative the grounds of appellee's motion, and the thirteenth is a general statement that the record discloses no ground upon which a new trial could be granted.

In support of the contention that jurisdiction to grant a new trial is lost at the expiration of six months from the rendition of judgment, appellants cite the following provisions of the Civil Code of 1913:

"599.. Any court of record in this state may, in its discretion, permit an answer or reply to be made or other act to be done after the time limited therefor by law, or by its order may enlarge such time, but nothing in this section shall be held to authorize an extension of the time within which an appeal may be taken or perfected in a civil action.

"600. The court may, any time within six months after the making or entry of any judgment, order or other proceeding, relieve a party from any such judgment, order, or other proceeding taken against him though his mistake, inadvertence, surprise or excusable neglect; or may, for good cause shown, modify or set aside its judgments, orders or proceedings.

"1233. An appeal may be taken from a final judgment of the superior court in a civil action, or special proceeding commenced in such court, at any time within six months after the rendition of such judgment, and from any other judgment or order at any time within sixty days after the making of such order.

"1267. The Supreme Court, or any judge thereof may, for good cause shown, enlarge the time within which any of the things provided in this chapter may be done, but the time for taking an appeal shall in no case be extended."

They point out further that this court held in *Leeker* v. *Leeker,* 23 Ariz. 170, 202 Pac. 397, that upon the expiration of six months from the rendition of judgment jurisdiction to grant a motion to vacate the judgment is lost, and urge that in consequence of this holding it follows that jurisdiction to grant a new trial upon the lapse of a like period of time is also lost, because, it is said, there is no

distinction between vacating and setting aside a judgment and granting a new trial, since the latter also effects a vacation of the judgment. Granting a new trial, it is true, does result in the judgment being set aside, but in *Smith* v. *City of Nogales,* 24 Ariz. 557, 211 Pac. 592, this court, in deciding whether a motion for a new trial must be passed upon within six months from the rendition of judgment, held that it did not, using this language:

"In proceedings under paragraph 584, the time within which the court must pass upon the motion is not limited, providing it is kept alive by continuances or stipulations as provided in paragraph 591, *supra.*"

It was also specifically pointed out in that opinion that what was said in the Leeker case as to the limitation of time allowed the court to act upon a motion made under paragraph 600 of the Civil Code had no application to a motion for new trial based upon paragraph 584 of the same code. This is undoubtedly the correct view, and it may be just as truly said that the six months' period in which relief may be sought under either paragraphs 599 or 1267, *supra,* have no bearing upon a motion for a new trial, the provisions governing which, chapter 19, title 6, Civil Code of 1913 (pars. 584–598), applying to it exclusively and containing no language expressing or implying such a limitation.

Neither does the fact that an appeal from a final judgment may be taken only within six months from the rendition thereof deprive the court of jurisdiction to pass upon a motion for a new trial after that period has elapsed, provided the motion has been kept alive by proper continuances, because the filing of such a motion has the effect of suspending the finality of the judgment, and, so long as it is alive and undisposed of, final judgment, within the mean-

ing of paragraph 1233, *supra,* has not been, and in fact cannot be rendered. "The, seasonable filing and service of a motion for new trial," said the court in *Wittler-Corbin Machinery Co.* v. *Martin et al.,* 47 Wash. 123, 91 Pac. 629, "suspends judgment to such an extent that it is not final, until the motion is denied." In *Watson* v. *Mayberry,* 15 Utah, 265, 49 Pac. 479, the Supreme Court of Utah in discussing this question said:

"A judgment terminating the litigation between the parties in the court rendering it is final. The litigation is not terminated while a motion for a new trial, made within the time given by law, may be lawfully decided. Until the order granting or over-ruling the motion is made, it cannot be known that the judgment is final. If the motion is allowed, the litigation may continue. If it is overruled, the litigation is terminated, and the judgment then becomes final."

In *New York, C. & St. L. Ry. Co.* v. *Doane,* 105 Ind. 92, 4 N. E. 419, the Supreme Court of Indiana said:

"There was no final judgment within the meaning of the statute governing appeals until the ruling denying the motion for a new trial. . . . A motion for a new trial is not a collateral one, but is one directly connected with the judgment, and is essential to present for review errors occurring on the trial, and, so long as it remains undisposed of, there can be no final judgment within the meaning of the statute regulating appeals. A pending motion for a new trial keeps the cause in the trial court, provided, of course, that the motion was seasonably filed."

In *McClellan et al.* v. *Wood,* 78 Fla. 407, 83 South. 295, the Supreme Court of Florida said:

"A trial of an action at law is not concluded where a motion for new trial is duly made therein,

27 Ariz.—13

until the motion for new trial is finally disposed of."

From this it follows necessarily that when a motion for a new trial is filed the six months' period in which an appeal may be taken begins to run only after the judgment has become final by a denial of the motion. Such is the great weight of authority. In *Snow v. Rich,* 22 Utah, 123, 61 Pac. 336, the Supreme Court of Utah said that it had repeatedly held that:

"An appeal taken and perfected within six months from the date of overruling the motion for a new trial is taken in time."

In the *City of Lincoln* v. *First Nat. Bank of Lincoln,* 64 Neb. 725, 90 N. W. 874, the Supreme Court of that state said:

"We conclude, therefore, that in a trial of a law action, where judgment is rendered before the motion for a new trial is ruled upon, and the motion is seasonably presented, the time within which error proceedings may be begun commences to run when the ruling is had upon such motion."

To the same effect see the following: *Blaemire et al.* v. *Barnes,* 173 Ind. 657, 91 N. E. 232; *Willis* v. *Witt* (Ky.), 124 S. W. 362; *Durbridge* v. *State,* 117 La. 841, 42 South. 337; *Chilcot* v. *Globe Nav. Co.,* 49 Wash. 302, 95 Pac. 264; *Snow* v. *Rich, supra; Aspen Mining & Smelting Co.* v. *Billings,* 150 U. S. 31, 37 L. Ed. 986, 14 Sup. Ct. Rep. 4 (see, also, Rose's U. S. Notes); *Florence Cotton & Iron Co.* v. *Field,* 104 Ala. 471, 16 South. 538; *Walter* v. *Scofield,* 167 Mo. 537, 67 S. W. 276; *Northwestern Mutual Life Ins. Co.* v. *Barbour,* 96 Ky. 128, 28 S. W. 156; *Pearce* v. *Strickler,* 9 N. M. 46, 49 Pac. 727; *Doorley* v. *Buford & George Mfg. Co.,* 5 Okl. 594, 49 Pac. 936; *Louisville & N. R. Co. et al.* v. *Ray,* 124 Tenn. 16, Ann. Cas. 1912D, 910, 134 S. W. 858; *McClellan et al.* v.

*Wood, supra; Wittler-Corbin Machinery Co.* v. *Martin et al., supra.*

To hold that one asking for a new trial should proceed with his appeal as though the judgment had become final by the denial of the motion or the failure to file one, notwithstanding he cannot know previous to a ruling on his motion whether it will be granted and, therefore, whether the judgment as rendered is final, would be to require, not merely the expenditure of unnecessary labor and funds, but the doing of a wholly useless thing in all cases in which the motion is granted.

Not only this, the contention that one must perfect his appeal within six months from the rendition of judgment or forfeit his right of appeal, whether his motion for a new trial be disposed of during this period or not, can only be sustained by ignoring the effect of giving the notice of appeal and filing the bond. These two acts result in a perfected appeal, a removal of the case to the appellate court, and a termination of the superior court's jurisdiction over it, and since the right to move for a new trial was created for the benefit of the litigant dissatisfied with the judgment of the trial court, such acts can only be treated as a withdrawal or abandonment of his motion. A litigant who feels that the trial court has not given him what he is entitled to may ask for a new trial or not, as he sees fit, and when he does make such a request he may withdraw it any time previous to action upon it. The fact that the court may of its own motion correct its judgments within a certain time after their rendition in no way affects this right. If the mere filing of the motion placed it beyond the power of the person making it to withdraw it, necessarily the giving of the notice and the filing of the bond previous to a ruling thereon

would render the appeal premature, and therefore subject to dismissal.

This view is not in conflict with those expressed in *Moulton* v. *Smith,* 23 Ariz. 319, 203 Pac. 562, or other decisions of this court dealing with the question as to when judgments are rendered. The exact question here presented, namely, whether the judgment in a case in which the motion for a new trial is pending becomes final for purposes of appeal previous to a ruling thereon, has not heretofore been considered by the court.

On September 11, 1922, following the argument on the motion for a new trial, the court made this order:

"Plaintiffs and defendant being present by counsel, comes now the defendant herein, and presents to the court its motion for a new trial, which is argued by the respective counsel, and thereupon it is by the court ordered that such motion be submitted upon briefs, the plaintiffs given twelve days in which to file their brief, and the defendant five days thereafter to file its brief, and the plaintiffs five days thereafter in which to reply, and matter continued pending receipt and exchange of briefs."

The twenty-two days allowed the parties to file briefs ended October 3, 1922, and appellants contend that this order did not continue the motion beyond that date, but resulted in its denial on that day by operation of law. It seems very clear, however, that the effect of the order was to give the parties twenty-two days from September 11th to file their briefs, and the court such further time thereafter as it might require to examine the briefs after receiving them. It was undoubtedly intended, as we read the order that the court should have some time after the briefs were filed to consider the propositions argued in them. The term, "exchange of briefs," evidently meant, as suggested by coun-

sel, the "examination of briefs." The order, therefore, in addition to submitting the motion for a new trial upon the filing of the briefs, continued it until such time thereafter as the court could determine the question involved, and this was equivalent to an order taking it under advisement, which was held in *List* v. *Wilkinson,* 23 Ariz. 262, 203 Pac. 333, to be in effect an order of continuance, carrying with it necessarily jurisdiction to pass on the motion at a later date.

The second assignment is that the court erred in granting the motion for a new trial. As stated above, this motion was based upon twelve different grounds, but in granting it the trial court did not indicate whether its action was based upon one or more or all of these, and, while it had the power to make such an order, yet in doing so it failed to apprise this court of the reason for its action, and this renders necessary an examination of each of the errors alleged before it can be determined if any one or more of these justify the ruling. If the record disclosed the ground or grounds upon which the motion was granted, this court could proceed directly to a consideration of it or them without spending time unnecessarily upon those that had no bearing on the question. An appellate court already crowded with work should not be called upon to assume this burden, and it is hoped that the trial courts of the state will follow this practice in the future, if they have not in the past, so it will not be necessary.

Not knowing the reason for the court's action granting the new trial, appellants in support of their assignment that it erred therein controverted each of the grounds alleged in the motion, and among these was appellee's claim that certain evidence had been erroneously admitted, the refer-

ence being to that given by several witnesses, but in the view we take it is necessary to consider only the testimony of Riley Bryan, E. R. Bryan and Julia Bryan, regarding the financial condition of the two latter, the parents of the deceased, and the contributions to them by Allen Bryan during his lifetime. Appellee objected to this testimony upon the ground that the case was brought by the administrator to recover damages alleged to have been sustained by the estate, and that in such an action any damages the parents may have suffered was not in question, and therefore wholly immaterial. The complaint contained no allegation of damage to the parents, but did allege that they were living, and that the action was brought for their benefit. Under these allegations these witnesses were permitted to testify over objection that the parents were financially poor, and needed the assistance of the deceased, who, previous to his death, had been giving them a large portion of his wages. The court was evidently of the opinion that, while the action was brought by the administrator to recover damages to the estate, the allegation that it was brought for the benefit of the parents made it for practical purposes an action by them for the damage they had sustained, and appellants claim that such was the holding of this court in disposing of the appeal on rehearing, 23 Ariz. 541, 205 Pac. 904; 24 Ariz. 47, 206 Pac. 402.

It was held in that opinion that the allegation of damage in a complaint brought under the Employers' Liability Law by the administrator to recover damages to the estate, and containing the further averment that the action was brought for the benefit of the surviving parents, did not vary sufficiently from an allegation of damage in a complaint by the parents under the same law to re-

cover damages sustained by them as a result of the death of an unmarried son, "to make a different or new cause of action, or to introduce a new element into the case." This statement was occasioned by the fact that the action as originally brought by the administrator had gone to a verdict in his favor, and thereafter, but before judgment, leave was sought by him and the parents to file an amended complaint substituting the latter for the former, and an appropriate allegation of damage to them for the one to the estate, and alleging that the parents were the "same persons for whose benefit the action was originally brought in the name of the administrator." The trial court, however, though it had admitted the testimony in question, refused to permit the filing of this complaint and enter judgment on the verdict for the parents, but on motion of the defendant set aside the verdict, and rendered judgment in its favor. The administrator and the parents appealed from this judgment, and in the first opinion of this court it was affirmed, but, in the second, rendered upon rehearing, was reversed and the case remanded, with directions to the trial court to permit the filing of the amendment and render judgment on the verdict for the substituted plaintiffs, the parents.

The fact, however, that the allegation of damages in the two complaints was so nearly the same that the substitution of the parents for the administrator as plaintiffs introduced no new cause of action, and entitled them to judgment on the verdict, does not imply necessarily that the proceedings under the original complaint were binding in all respects upon the defendant, just as though the parents had been the plaintiffs from the beginning, seeking to recover the damages they had sustained. Under such a complaint the evidence in question would have been

a proper method of ascertaining the extent of the damages alleged and sought, but we. feel that its admission under the pleadings as they .then stood over appellee's objection was error in view of these facts: The action was brought by the administrator, not the parents, and the damages sought were those alleged to have been sustained by the estate, not by the parents; the Employers' Liability Law under which the action was brought renders the employer·liable, not to the administrator for the benefit of the parents, but to the latter directly when they are living and to no one else; the only two instances in which its provisions make the employer liable to .the administrator for the benefit of another being first, for the surviving widow or husband and children, and, second, for the estate when none of the previously enumerated beneficiaries are living. These considerations, it appears to us, might well have led the defendant to assume, and to act upon the assumption, that the allegation that the action was brought for the benefit of the parents did not have the effect of so completely changing it, from one by the administrator in behalf of the estate to one by the parents in their own interest, as to render the testimony admissible.

In objecting to it the defendant was evidently governed by the conviction that, since the statute on the subject of descent and distribution made the parents the sole heirs of the deceased, the only way a successful termination of the action could benefit them would be through his estate. Its position in this respect was so strongly supported by the language of the statute upon which the action was based that we think it should not be deprived of the right to present its case in the light of this contention; but ·to hold that the defendant should have pleaded and tried its case as though

the plaintiffs were the parents, and the cause of action the damages they had sustained, would be to penalize it for failing to treat as plaintiffs persons who under the statute could not sue except in their own name, and as a cause of action damages to parents in the face of an allegation that the estate (and not the parents) had been damaged. It is clear that, under the Employers' Liability Law, the employer is liable to the parents, if living, for the death of an unmarried child, and that they and no one else must bring the action to enforce this liability. Such was the holding of this court in its original opinion in this case, and also in the second rendered some years later, as well as in *Tom Reed Gold Mines Co.* v. *George,* 21 Ariz. 303, 188 Pac. 130, decided in the meantime. Hence the defendant felt, and justly so, that the action as then prosecuted must fail at some stage of the proceedings, and that until the parents became the plaintiffs, and the cause of action the damage they had sustained, any testimony relative thereto was not in issue. It likewise thought that, if a complaint of this kind should become a part of the record, this testimony would be material, and it would have an opportunity to meet it. This view we think clearly correct, but, if it should be contended that it is in conflict with that portion of the order made on rehearing directing that judgment be entered for the substituted plaintiffs, the justice of appellee's contention demands that this holding be modified to such an extent that appellee may be permitted to controvert this testimony at a time when it may be fairly said it should have anticipated it.

The order granting a new trial was correctly entered, and is therefore affirmed.

ROSS and LYMAN, JJ., concur.