884 P.2d 256

**Leo BAUMANN, as Trustee of the Nancy Hopkins Irrevocable Trust, Plaintiff–Appellee,**

v.

**James D. TUTON and Robert D. Almquist, Defendants–Appellants.**

**No. 1 CA–CV 92–0386.**

Court of Appeals of Arizona, Division 1, Department B.

Oct. 18, 1994.

N.E.2d 1163, 1165 (1977) (Staton, P.J., dissenting), we believe any such difficulties can be

Kempton, Jarvis, Decker, Jenkins & Walker, P.A. by Roger C. Decker, Roger R. Foote, Mesa, for plaintiff-appellee.

Almquist & Benjamin, P.A. by Robert D. Almquist, Jonathan E. Benjamin, Phoenix, for defendants-appellants.

## OPINION

WEISBERG, Presiding Judge.

In this case we consider whether the filing of a notice of appeal while a motion for new trial is pending in the trial court confers jurisdiction upon this Court and therefore has the effect of abandoning the pending motion. We hold that the notice of appeal was premature and, because this Court lacked appellate jurisdiction, appellee did not abandon his motion for new trial.

### FACTS AND PROCEDURAL HISTORY

James D. Tuton and Robert D. Almquist ("appellants") formed a limited partnership to purchase a parcel of land for investment and offered units of the partnership for sale.

avoided easily through the proper drafting of judgments, orders, or decrees.

Leo Baumann ("Baumann"), trustee of the Nancy L. Hopkins Irrevocable Trust, required appellants to guarantee a ten percent return on the trust's cash contributions to the partnership before the trust would purchase units in the partnership. Appellants agreed to the guaranty and the trust purchased five units of the partnership.

In June 1991, Baumann, as trustee, sued appellants, alleging that they breached the guaranty. Appellants filed a motion to dismiss in which they asserted that the guaranty was unenforceable.

On August 23, 1991, following oral argument, the trial court granted the motion to dismiss in an unsigned minute entry. On August 28, 1991, Baumann filed a motion for new trial pursuant to Rule 59, Arizona Rules of Civil Procedure, or, in the alternative, a motion to vacate or set aside the judgment pursuant to Rule 60. On October 8, 1991, before ruling on the motion for new trial, the trial court entered its order granting the motion to dismiss and entering judgment in favor of appellants. On October 31, 1991, still before the trial court ruled on the motion for new trial, Baumann filed a notice of appeal from the October 8 judgment.

On November 5, 1991, Baumann filed a second complaint against appellants, again alleging breach of guaranty. Shortly thereafter, appellants filed in this Court a motion to dismiss the appeal arguing that, by filing the second complaint below, Baumann had abandoned his appeal. Baumann responded that he did not object to dismissing the appeal because he did not consider the trial court's order on the first complaint to be a determination on the merits. This Court granted the motion to dismiss the appeal, stating that Baumann's response indicated that he did not object to the motion.

On January 21, 1992, Baumann filed in the trial court a motion reurging his pending motion for new trial, or, in the alternative, a motion to vacate or set aside judgment. In response, appellants argued that Baumann had abandoned his first motion for new trial by filing a notice of appeal and that the deadline for filing a second motion for new trial had long since expired. The trial court heard oral argument on the motion for new trial and granted it. In the formal order granting a new trial, the court found that a new trial was warranted because there had been sufficient evidence presented to withstand summary judgment. The court therefore vacated the judgment entered in October 1991. Appellants timely appealed from that order.

## DISCUSSION

### *Appeal During Pendency of Motion for New Trial*

Appellants argue that Baumann's filing of a notice of appeal prior to a ruling on his motion for new trial constituted an abandonment, waiver, or withdrawal of the motion for new trial. They further assert that, after the notice of appeal was filed, the trial court was without jurisdiction to consider a motion for new trial because the time for filing such a motion had expired.

Appellants base their arguments primarily on dicta in *Bryan v. Inspiration Consol. Copper Co.*, 27 Ariz. 188, 195, 231 P. 1091, 1093 (1925), in which the court stated that filing an appeal effectively terminated the superior court's jurisdiction. The court noted that "since the right to move for a new trial was created for the benefit of the litigant dissatisfied with the judgment of the trial court, such acts [by the dissatisfied litigant] can only be treated as a withdrawal or abandonment of his motion." *Id.*

In response, Baumann argues that the filing of a motion for new trial suspends the finality of the judgment while the motion is pending, and, because the judgment is not final, an appellate court has no jurisdiction over the appeal. For support, Baumann cites dicta from *Barassi v. Matison*, 130 Ariz. 418, 636 P.2d 1200 (1981): "It should be noted that the Arizona appellate courts will dismiss for lack of jurisdiction the case where a litigant attempts to appeal where a motion is *still pending* in the trial court or where there is no final judgment." 130 Ariz. at 422, 636 P.2d at 1204. It becomes our task to resolve the conflicting dicta of *Bryan* and *Barassi*.

**372**

First, we hold that *Bryan* does not squarely support the proposition that a party can, by implication only, abandon a motion for new trial by merely filing a notice of appeal. In *Bryan*, 27 Ariz. at 195, 231 P. at 1093, our supreme court stated:

> A litigant who feels that the trial court has not given him what he is entitled to may ask for a new trial or not, as he sees fit, and when he does make such a request *he may withdraw it* any time previous to action upon it.

(Emphasis added.) Thus, the *Bryan* court indicated that a motion for new trial may be withdrawn. The term "withdrawn" means to "take back or away: remove ... [or] retract." Webster's Ninth New Collegiate Dictionary 1355 (1988). Such definition implies an act of volition. A motion for new trial, therefore, cannot be withdrawn merely by the act of filing a notice of appeal; it must be expressly withdrawn by the moving party.

Second, we hold that *Barassi* supports the proposition that a notice of appeal, filed while a motion for new trial is pending, does not constitute abandonment of the trial court's proceedings. In *Barassi*, the supreme court held only that "a premature appeal from a minute entry order in which no appellee was prejudiced and in which a subsequent final judgment was entered over which jurisdiction may be exercised, need not be dismissed." 130 Ariz. at 422, 636 P.2d at 1204. The narrow holding in *Barassi*, therefore, is that where a notice of appeal is filed after a minute entry order denial of a motion for new trial, but before the formal entry of judgment, and where the appellee is not thereby prejudiced, "the Court of Appeals has jurisdiction to entertain [the] appeal." *Id.* at 419, 636 P.2d at 1201.

In rendering its decision, however, the *Barassi* court acknowledged the general rule that appellate courts lack jurisdiction over premature appeals. *Id.* at 419–20, 636 P.2d at 1201–02. The court enunciated several factors underlying the final judgment rule: (1) to avoid disruption of the trial process, (2) to prevent the appellate court from considering issues that may be better addressed in the trial court, and (3) to promote efficiency. *See Barassi*, 130 Ariz. at 421, 636 P.2d at 1203. Although the court concluded that these factors did not require the dismissal of an appeal from a minute entry order when a final judgment was later entered, and no appellee was prejudiced thereby, it cautioned practitioners that other situations would still warrant dismissal. *Id.* at 422, 636 P.2d at 1204.

Rather than following the *Bryan* court's dicta, as appellants suggest, the *Barassi* court was acknowledging a general rule that appellate courts lack jurisdiction over premature appeals. Notwithstanding, after considering the relevant factors, it found that in the narrow instance where the trial court had already made its decision and only the formal judgment was lacking, dismissal was not necessary. *Id.*

In the instant case, the trial court had not made any decision on the motion for new trial when the movant filed the notice of appeal. Premature filing of the appeal would therefore disrupt the trial process and require this Court to consider issues that are more appropriately considered by the trial court. A litigant should be given the opportunity to persuade the trial court of its error, *Maganas v. Northroup*, 112 Ariz. 46, 48, 537 P.2d 595, 597 (1975), so that the trial court's ruling on a pending motion may cure any error and obviate the necessity for an appeal. The instant case presents the exact situation about which the *Barassi* court cautioned that an appeal should be dismissed for lack of jurisdiction if filed while "a motion is *still pending.*" 130 Ariz. at 422, 636 P.2d at 1204. We therefore conclude that this Court lacked jurisdiction over the appeal which was filed during the pendency of the motion for new trial.

*Effect of Lack of Appellate Jurisdiction*

When an appeal is dismissed for lack of jurisdiction, the case returns to the trial court where pending matters may be heard. This Court has explained that dismissal of an appeal for lack of jurisdiction terminates the appellate proceedings and leaves the matter still pending before the lower court. *City of Tucson v. Wondergem*, 4 Ariz.App. 291, 292, 419 P.2d 552, 553 (1966); *see also Riley v. County of Cochise*, 10 Ariz.App. 55, 60 n. 4, 455 P.2d 1005, 1010 n. 4 (1969) (dismissal of

appeal for lack of jurisdiction does not affirm judgment and judgment is vulnerable to attack in trial court); *Ashley v. Kramer,* 8 Ariz.App. 27, 28, 442 P.2d 564, 565 (1968) (after dismissal without prejudice for lack of appellate jurisdiction, complete jurisdiction is returned to the trial court to take such action as could have been taken had there been no prior unsuccessful attempt to appeal). The dismissal of an appeal for lack of jurisdiction therefore returns the case to the status quo before the trial court because the appeal, in effect, has never occurred.

In the instant case, the notice of appeal was filed while the motion for new trial was still pending. Consequently, the notice of appeal was a nullity and did not constitute an abandonment of the pending motion for new trial.

### CONCLUSION

Because the trial court retained jurisdiction over the original motion for new trial, we affirm its order granting a new trial. Both parties request that we award their attorneys' fees incurred in this appeal pursuant to Ariz.Rev.Stat.Ann. section 12–341.01 (1992). In our discretion, we decline to award either party attorneys' fees.

TOCI and CONTRERAS, JJ., concur.