233 P.3d 1190

**STATE COMPENSATION FUND
OF ARIZONA, dba SCF
Arizona, Petitioner,**

v.

**The Honorable Dean M. FINK, Judge of
the Superior Court of the State of Ari-
zona, in and for the County of Maricopa,
Respondent Judge,**

**Juan Manuel Lopez–Verduzco, a single
man, and Continental Tire North Amer-
ica, Inc., a foreign corporation, Real
Parties in Interest.**

**No. 1 CA–SA 09–0252.**

Court of Appeals of Arizona,
Division 1, Department D.

July 1, 2010.

Robert E. Wisniewski, P.C. By Robert E. Wisniewski, Phoenix, Attorneys for State Compensation Fund of Arizona dba SCF Arizona.

Kunz Plitt Hyland Demlong & Kleifield By Matthew D. Kleifield, Robert C. Ashley, Phoenix, Attorneys for Continental Tire North America, Inc.

## OPINION

GEMMILL, Judge.

¶ 1 Petitioner State Compensation Fund of Arizona dba SCF Arizona ("SCF") filed a petition for special action after its motion to intervene was denied by the trial court. SCF sought to protect its interests in a personal injury action brought by Juan Manuel Lopez–Verduzco ("Lopez") against Real Party in Interest Continental Tire North America, Inc. ("CTNA"), arising from a vehicle accident in 2004 allegedly caused by tire tread separation. CTNA opposed SCF's intervention. Because we agree that SCF is entitled to intervene, we previously decided to exercise our special action jurisdiction and grant the requested relief. We vacated the trial court's order denying intervention by SCF and remanded to allow intervention. We indicated that a written decision explaining our reasons would follow. This is that decision.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Lopez was seriously injured in an accident in 2004. He was on the job at the time of the accident and was covered by workers' compensation coverage provided to his employer by SCF. Lopez filed a personal injury action against CTNA in 2006. In accordance with Arizona Revised Statutes ("A.R.S.") section 23–1023 (Supp.2009), SCF claims a lien against Lopez's potential recovery against CTNA.

¶ 3 In 2007, our legislature amended A.R.S. § 23–1023(C) by adding a sentence providing a workers' compensation carrier or self-insured employer the right to intervene in personal injury actions to protect their interests. In 2009, SCF moved to intervene in Lopez's action against CTNA. CTNA opposed the intervention, and after briefing and argument, the trial court denied the motion.

## SPECIAL ACTION JURISDICTION

¶ 4 A decision to exercise special action jurisdiction is highly discretionary with the court. *Snyder v. Donato*, 211 Ariz. 117, 119, ¶ 6, 118 P.3d 632, 634 (App.2005). We accept special action review in this matter based on the following factors: SCF presents a pure legal issue of statutory interpretation; the pertinent facts are undisputed; the issue is one of first impression; the benefit of intervention—the ability of SCF to participate in the underlying litigation—might be lost by the time an appeal by SCF was completed; and relief by special action is expedient and achieves a degree of judicial economy. *See generally Winner Enters., Ltd. v. Superior Court*, 159 Ariz. 106, 108, 765 P.2d 116, 118 (App.1988) (exercising special action jurisdiction to correct erroneous denial of right to intervene); *State ex rel. Pennartz v. Olcavage*, 200 Ariz. 582, 585, ¶ 8, 30 P.3d 649, 652 (App.2001) ("Special action jurisdiction is more likely to be accepted in cases involving a matter of first impression, statewide significance, or pure questions of law."); *Callan v. Bernini*, 213 Ariz. 257, 258, ¶ 4, 141 P.3d 737, 738 (App.2006) (jurisdiction more likely accepted when addressing pure

legal issue of first impression); *Ruesga v. Kindred Nursing Ctrs., L.L.C.,* 215 Ariz. 589, 594, ¶ 16, 161 P.3d 1253, 1258 (App.2007) (jurisdiction more likely accepted when resolution "promotes judicial economy and efficient use of the parties' and the court's resources").[1]

## ANALYSIS

¶ 5 SCF moved to intervene based on the new sentence added by the 2007 amendment to § 23–1023(C):

> In any action instituted by the employee or the employee's dependents, *the insurance carrier* or the self-insured employer *shall have the right to intervene at any time to protect the insurance carrier's* or the self-insured employer's *interests.*

(Emphasis added.) If this new language in § 23–1023(C) is applicable, SCF is entitled to intervene.[2]

¶ 6 CTNA contends that the new statutory language cannot be applied retroactively. To apply the 2007 amendment to a 2006 action arising from a 2004 accident would be, according to CTNA, an impermissible retroactive application and would violate A.R.S. § 1–244 (2002), which states that "[n]o statute is retroactive unless expressly declared therein." The 2007 legislative enactment that authorizes carriers to "intervene at any time" does not contain any explicit declaration by the legislature that the amended language should apply retroactively.

¶ 7 To resolve the question, we first consider whether application of amended § 23–1023(C) to SCF's motion to intervene constitutes a retroactive application. If it does not constitute a retroactive application, then the amended language is applicable and SCF is entitled to intervene. We also consider the alternative question whether, even if the application is deemed to be retroactive in its effect, the amended language may nonetheless be applicable because the workers' compensation carrier's right to intervene is merely procedural.

## Application Of Amended § 23–1023(C) To Authorize SCF's Intervention Is Not a Retroactive Application

¶ 8 The amendment to § 23–1023(C) occurred in 2007. SCF moved to intervene in 2009. Lopez's personal injury action remains pending in superior court. The intervention applies to future events—preparation for trial and trial—and does not change or alter the significance of past events. Given these circumstances, on a common sense level, application in 2009 of the 2007 amendment is not a retroactive application.

¶ 9 Application of a statute in a particular situation is not necessarily "retroactive" simply because it relates to antecedent facts. *Garcia v. Browning,* 214 Ariz. 250, 253, ¶ 12, 151 P.3d 533, 536 (2007); *Aranda v. Indus. Comm'n,* 198 Ariz. 467, 472, ¶ 24, 11 P.3d 1006, 1011 (2000); *Tower Plaza Invs. Ltd. v. DeWitt,* 109 Ariz. 248, 250, 508 P.2d 324, 326 (1973). New rules of procedure are often applied to actions already pending. "Because rules of procedure regulate secondary rather than primary conduct, the fact that a new procedural rule was instituted after the conduct giving rise to the suit does not make application of the rule at trial retroactive." *Landgraf v. USI Film Prods.,* 511 U.S. 244, 275, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

¶ 10 Similarly, statutory changes in procedures or remedies may be applied to proceedings already pending unless the statute affects or impairs vested rights. *City of Tucson v. Clear Channel Outdoor, Inc.,* 209 Ariz. 544, 548, ¶ 11, 105 P.3d 1163, 1167 (2005); *Wilco Aviation v. Garfield,* 123 Ariz. 360, 362, 599 P.2d 813, 815 (App.1979). No vested rights of CTNA are impacted or impaired by application of the amended statute to authorize SCF's intervention. CTNA does

---

1. This latter factor—efficient use of resources—is ordinarily not sufficient, by itself, to warrant acceptance of special action jurisdiction.

2. SCF also asserted a right to intervene based on existing common law and rules pertaining to a workers' compensation carrier's right to intervene to protect its lien. Because we decide on the basis of the 2007 amendment to § 23–1023(C), we do not reach SCF's other arguments.

not have a vested interest in a particular procedure. *See infra* ¶¶ 13–14.

¶ 11 We therefore conclude that application in 2009 of the 2007 amendment to § 23–1023(C) is not a retroactive application, and SCF is entitled to intervene.

### Even If Application of New § 23–1023(C) Is Considered To Be Retroactive, the Statute Nonetheless Applies Because It Is Procedural, Not Substantive

■ ¶ 12 Our decision is also supported by the alternative principle that procedural changes imposed by statutory amendments may be applied retroactively.

■ ¶ 13 The Arizona Supreme Court has "engrafted an exception" to A.R.S. § 1–244 under which a statute may nonetheless have "retroactive effect if it is merely procedural." *Seisinger v. Siebel*, 220 Ariz. 85, 96, ¶ 43, 203 P.3d 483, 494 (2009) (quoting *In re Shane B.*, 198 Ariz. 85, 87, ¶ 8, 7 P.3d 94, 96 (2000)). "Enactments that are procedural only, and do not alter or affect earlier established substantive rights may be applied retroactively." *Aranda*, 198 Ariz. at 470, ¶ 11, 11 P.3d at 1009. "Even if a statute does not expressly provide for retroactivity, it may still be applied if merely procedural because *litigants have no vested right in a given mode of procedure*." *Id.* (emphasis added); *State v. Fell*, 210 Ariz. 554, 560, ¶ 22, 115 P.3d 594, 600 (2005). *See also Allen v. Fisher*, 118 Ariz. 95, 96, 574 P.2d 1314, 1315 (App.1977).

¶ 14 Intervention is a procedure, and the right to intervene is primarily procedural in nature, rather than substantive, for retroactivity purposes. Our supreme court has explained the distinction between procedural law and substantive law:

> In general, procedural law relates to the manner and means by which a right to recover is enforced or provides no more than the method by which to proceed. *See State ex rel. Miller v. Beardsley Indus. Property*, 173 Ariz. 19, 24, 839 P.2d 439, 444 (App.1992). Substantive law "creates, defines and regulates rights" while a pro-

cedural law establishes only "the method of enforcing such rights or obtaining redress."

*Aranda*, 198 Ariz. at 470, ¶ 12, 11 P.3d at 1009 (quoting *Hall v. A.N.R. Freight Sys., Inc.*, 149 Ariz. 130, 138, 717 P.2d 434, 442 (1986) *superseded by statute on other grounds as recognized by Dykeman v. Engelbrecht*, 166 Ariz. 398, 400–01, 803 P.2d 119, 121–22 (App.1990)).

¶ 15 We agree with SCF that the right to intervene bestowed by the legislature in the 2007 amendment to § 23–1023(C) is a procedural right, not a substantive right. To be sure, SCF acknowledges that it is seeking to intervene *to protect its substantive rights*, but intervention is the means or method— the procedure—being utilized by SCF to help protect its rights. Even if allowing intervention based on the 2007 amendment of § 23–1023(C) is considered to be a retroactive application, it is merely procedural and CTNA has no vested right in any given mode of procedure. *Fell*, 210 Ariz. at 560, ¶ 22, 115 P.3d at 600; *Aranda*, 198 Ariz. at 470, ¶ 11, 11 P.3d at 1009; *Allen*, 118 Ariz. at 96, 574 P.2d at 1315.

### CONCLUSION

¶ 16 SCF's motion to intervene should have been granted on the basis of the language added in 2007 to A.R.S. § 23–1023(C). This record presents no impermissible retroactive application of the amended provision. We have therefore vacated the order that denied SCF's motion to intervene and remanded with instructions to grant the intervention. ·

CONCURRING: JON W. THOMPSON, and PATRICK IRVINE, Judges.