240 P.3d 1270

**In re the Marriage of Sue Lynn CRAIG, Petitioner/Appellant–Cross Appellee,**

v.

**Roger Thomas CRAIG, Respondent/Appellee– Cross Appellant.**

**No. 1 CA–CV 08–0776.**

Court of Appeals of Arizona, Division 1, Department C.

Oct. 28, 2010.

---

Slaton Law Office PC by Sandra L. Slaton, Scottsdale, Attorneys for Petitioner/Appellant–Cross Appellee.

Keith R. Lalliss, Mesa, Attorney for Respondent/Appellee–Cross Appellant.

**OPINION**

IRVINE, Judge.

¶ 1 The court has reviewed the appellate record filed in the above-captioned case and has determined that both parties' appeals must be dismissed for lack of jurisdiction.

■ ¶ 2 This court has an obligation to independently review its jurisdiction. *Engel v. Landman*, 221 Ariz. 504, 508, ¶ 10, 212 P.3d 842, 846 (App.2009). In *Barassi v. Matison*, the Arizona Supreme Court held that a notice of appeal filed after the denial of a motion for new trial but before entry of a final judgment provides a basis for appellate jurisdiction. 130 Ariz. 418, 419–22, 636 P.2d 1200, 1201–04 (1981). The rationale was that the superior court's judgment had become final and dismissal of the premature notice of appeal would punish an appellant for being too diligent. *Id.* at 421, 636 P.2d at 1203. Nevertheless, appellate courts lack jurisdiction when "a litigant attempts to appeal where a motion is *still pending* in the trial court or where there is no final judgment." *Id.* at 422, 636 P.2d at 1204 (emphasis added).

¶ 3 More recently, our supreme court reaffirmed *Barassi*, explaining that "appellate courts should dismiss a case for lack of jurisdiction while [a time-extending] motion was still pending in the trial court." *Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, 415, ¶ 38, 132 P.3d 1187, 1195 (2006) (citing *Barassi*, 130 Ariz. at 422, 636 P.2d at 1204). *Smith* also read this court's opinion in *Baumann v. Tuton*, 180 Ariz. 370, 884 P.2d 256 (App.1994), to defeat jurisdiction over an appeal commenced while a motion for new trial was pending. *Smith*, 212 Ariz. at 415, ¶¶ 37–39, 132 P.3d at 1195.

■ ¶ 4 In light of *Smith*, we lack jurisdiction over both the appeal and cross-appeal. Husband filed a time-extending motion, his motion for new trial or to amend the Decree, on September 24, 2008. *See* ARCAP 9(b)(3), (4). Wife and Husband filed their respective notices of appeal on October 8, 2008 and October 17, 2008, while Husband's new trial motion was still pending. The family court denied the motion for new trial in a signed order on November 7, 2008. Neither party filed a notice of appeal from that ruling or an amended notice of appeal. We therefore lack appellate jurisdiction of both parties' appeals. *See Smith*, 212 Ariz. at 415, ¶¶ 37–39, 132 P.3d at 1195.

¶ 5 Wife argues, however, that her notice of appeal was valid because she did not file the motion for new trial; Husband did so. She cites *Performance Funding, LLC v. Barcon Corp.*, 197 Ariz. 286, 3 P.3d 1206 (App. 2000), as authority for distinguishing between situations where the notice of appeal and motion for new trial are filed by the same party (rendering the notice of appeal a nullity) and situations where different parties file the two pleadings. In *Engel*, we found that the supreme court's analysis in *Smith* made *Performance Funding* no longer controlling. 221 Ariz. at 509, ¶¶ 12–13, 212 P.3d at 847. Therefore, we reject Appellant's argument based on that case.

¶ 6 Accordingly, we dismiss this appeal.

CONCURRING: MICHAEL J. BROWN, Judge.

KESSLER, Judge, dissenting.

¶ 7 I respectfully dissent for two reasons. First, this case presents us with a tension between two lines of cases dealing with ap-

pellate jurisdiction which should be resolved by the Arizona Supreme Court. Under the first line of cases, *Baumann v. Tuton,* 180 Ariz. 370, 884 P.2d 256 (App.1994), and *Smith v. Ariz. Citizens Clean Elections Comm'n,* 212 Ariz. 407, 415, ¶ 38, 132 P.3d 1187, 1195 (2006), an appellant's notice of appeal is deemed a nullity if it is filed while the appellant's motion for new trial or other time-extending motion under Arizona Rule of Civil Appellate Procedure 9(b) ("Rule 9(b) motion") is pending. In contrast, under *Performance Funding, LLC v. Barcon Corp.,* 197 Ariz. 286, 3 P.3d 1206 (App.2000), such a notice of appeal is not deemed a nullity if the Rule 9(b) motion is filed by a party other than the appellant. Given the policies underlying Rule 9(b), I cannot find a viable reason why one notice of appeal should be a nullity and the other merely premature simply based on who filed the motion and notice of appeal. If *Performance Funding* is the law of the land, then the notices of appeal in this case are valid; if not, they are both nullities.

¶ 8 Second, regardless of how the supreme court ultimately resolves the tension between these two lines of cases, at the time the events in this case occurred, *Performance Funding* had not been overruled, questioned, or vacated. Accordingly, when Wife filed her notice of appeal while Husband's Rule 9(b) motion was pending, she was entitled to rely on *Performance Funding* to believe her notice of appeal was valid and effective. Accordingly, I would hold we have jurisdiction of her appeal and, because her appeal was effective, hold that we also have jurisdiction of Husband's cross-appeal.

**Factual and Procedural History**

¶ 9 The facts are not in dispute and can be summarized as follows:

September 9, 2008—Superior Court enters a signed final decree of dissolution

September 24, 2008—Husband files a timely motion for new trial and for amendment of decree

October 8, 2008—Wife files a notice of appeal from the decree within thirty days of entry of the decree, but while Husband's motion for new trial is pending

October 17, 2008—Husband files notice of appeal within twenty days of Wife's notice of appeal

November 7, 2008—Superior Court enters a signed order denying Husband's motion for new trial

Following the filing of the November 7, 2008 order, neither party filed an amended or supplemental notice of appeal.

**Analysis**

*Bases for Baumann, Smith, and Performance Funding*

¶ 10 Arizona cases on whether an appeal is merely premature or a nullity attempt to balance two different policies: avoiding penalizing an appellant for being too diligent in filing a notice of appeal and avoiding having the same issues being considered by a trial and appellate court simultaneously. However, drawing distinctions based on who filed the tolling motion—appellant or appellee—does not further either policy.

¶ 11 In *Baumann,* this Court ruled that if a party files a notice of appeal while that same party's Rule 59 motion is pending, we consider the notice of appeal a nullity. 180 Ariz. at 372–73, 884 P.2d at 258–59.[1] As *Baumann* explained, appeals should only be taken from a final judgment because that rule avoids disruption of the trial process, prevents an appellate court from considering issues that may be better addressed by the trial court, and promotes efficiency. *Id.* at 372, 884 P.2d at 258 (*citing Barassi v. Matison,* 130 Ariz. 418, 421, 636 P.2d 1200, 1203 (1981)). As we explained, while *Barassi* had held that the court of appeals had jurisdiction over an appeal from a final order in the form of a minute entry when a final judgment was later filed during the pendency of an appeal, it acknowledged a general rule that the court of appeals lacked jurisdiction over premature appeals. *Baumann,* 180 Ariz. at 372, 884 P.2d at 258. The exception was that when a trial court had already made its decision and

---

1. While this matter arose in family court, Rules 83 and 84 of the Rules of Family Court Procedure are the equivalent of Rule 59 of the Arizona Rules of Civil Procedure and are time-extending motions for a notice of appeal under Rule 9(b)(3)-(4).

all that was lacking was a formal judgment, which judgment was entered when the appeal was pending, a dismissal was not necessary provided there was no prejudice to the appellee. *Id.*

¶ 12 The Arizona Supreme Court affirmed this distinction between a *Baumann*-type case and a *Barassi*-type case. In *Smith*, the appellant filed a petition for rehearing with the Clean Elections Commission but then filed his appeal in the form of a complaint for judicial review while his petition for rehearing was pending. *Id.* at 412, ¶¶ 20–21, 132 P.3d at 1192. Smith argued that his appeal was filed prior to the final order on his petition for rehearing and was thus only premature under *Barassi*. *Id.* at 413, ¶ 27, 132 P.3d at 1193. Accordingly, he contended that under *Barassi* his appeal should have been considered effective once the final decision was rendered on his petition for rehearing because he displayed an intent to appeal, the commission was not prejudiced, and the appeal was only mistakenly filed early. *Id.* at 414–15, ¶¶ 36–37, 132 P.3d at 1194–95. The supreme court rejected that argument, holding that *Barassi* creates a limited exception by allowing a premature appeal to be deemed timely only when the matter pending before the lower court or body is ministerial. *Id.* at 415, ¶ 37, 132 P.3d at 1195. Since a petition for rehearing is not merely ministerial, but substantive, *Barassi* did not apply and, as the court had held in *Barassi*, an appellate court should dismiss the case for lack of jurisdiction. *Id.* at 415, ¶ 38, 132 P.3d at 1195. Citing *Baumann*, the supreme court also affirmed that there was good reason for the courts to hold premature notices of appeal to be ineffective because such notices disrupt court processes and such a rule prevents two courts from assuming jurisdiction and acting at the same time. *Id.* at 415, ¶ 39, 132 P.3d at 1195. *See also Engel v. Landman*, 221 Ariz. 504, 509, ¶ 14, 212 P.3d 842, 847 (App.2009) (holding that when appellant files a notice of appeal during the pendency of its own Rule 9(b) motion, the notice is a nullity and not merely premature).

¶ 13 As such, *Baumann* and *Smith* distinguish between two types of "premature" appeals. In one type, the final decision has not

been rendered in substance prior to the appeal being taken and there is some substantive matter still pending before the superior court. In that case, it is best to consider a notice of appeal a nullity to ensure that the superior court can consider the merits of the motion before it rather than possibly having lost jurisdiction by the filing of the notice of appeal. In the second type, the court has already rendered its decision on the merits, in the form of an unsigned minute entry, but no ministerial formal judgment has been entered to trigger the time to appeal. In that case, an appeal filed after the issuance of the minute entry but before entry of a signed appealable order or judgment is merely a premature appeal which is cured upon entry of judgment.

¶ 14 This distinction represents a balance between two distinctly different policies. On the one hand, we favor deciding cases on their merits and try to avoid dismissing appeals on hypertechnical grounds, although we must dismiss if we lack jurisdiction. *Compare Schwab v. Ames Constr.*, 207 Ariz. 56, 59, ¶ 11, 83 P.3d 56, 59 (App.2004) (court disfavors hypertechnical challenges to notice of appeal) *with Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304, 812 P.2d 1119, 1122 (App.1991) (if we lack jurisdiction, we must dismiss the appeal). On the other hand, the merits of a case should not be pending in both a trial court and an appellate court at the same time. *Sonitrol of Maricopa Cnty. v. City of Phoenix*, 181 Ariz. 413, 417, 891 P.2d 880, 884 (App.1994) (a trial court generally loses jurisdiction once an appeal is pending except when it acts to further the appeal; trial court may not act if its decision would negate the decision pending appeal or would frustrate the appellate process).

¶ 15 Thus, the superior court must determine whether it has jurisdiction to decide issues when they are raised before it in postjudgment motions. At the same time, an appellate court and parties should not be faced with a "moving target," in which parties may have to brief issues on appeal and an appellate court may have to consider those issues when there is a motion pending in the superior court on that very issue in the case.

¶ 16 *Baumann*'s and *Smith*'s balancing of those two policies is straight-forward and gives adequate guidance to courts and parties alike. If a motion for new trial or other Rule 9(b) motion has been filed in the superior court by a party and *that* party files a notice of appeal while the motion is pending, everyone is on notice that the appeal is a nullity, thereby enabling the superior court to know it has jurisdiction to and should rule on the motion even though a notice of appeal has been filed. Similarly, if the superior court processes the appeal while the motion is pending and the appeal is docketed in this Court, the parties and this Court know that the appeal can and should be dismissed as a nullity.[2]

¶ 17 In contrast to the above is *Performance Funding*, in which Barcon filed a motion to amend an appealable order. Thirty-four days after the entry of the order and twenty-four days after the motion to amend, Performance Funding filed a notice of appeal. The trial court later granted the motion to amend but Performance Funding did not file an amended notice of appeal. 197 Ariz. at 287, ¶ 3, 3 P.3d at 1207. Barcon moved to dismiss Performance Funding's appeal as a nullity because it was filed during the pendency of Barcon's motion to amend. *Id.* at 288, ¶ 4, 3 P.3d at 1208. Performance Funding argued that the notice of appeal was merely premature and this Court had jurisdiction of it. *Id.* We agreed with Performance Funding, holding that in *Baumann* the notice of appeal was filed during the pendency of the appellant's Rule 9(b) motion and under *Barassi* a party cannot withdraw its own Rule 9(b) motion merely by filing a notice of appeal. *Id.* at 289, ¶ 10, 3 P.3d at 1209. In contrast, we held that Performance Funding (the appellant) had not filed a Rule 9(b)

motion and thus, *Performance Funding* was more like *Barassi* than *Baumann* so that as in *Barassi*, we should not punish the appellant for being too diligent. *Id.* at 289, ¶ 11, 3 P.3d at 1209. Accordingly, absent prejudice to the appellee, an appellant's notice of appeal should be merely premature rather than a nullity when the notice of appeal was filed during the appellee's Rule 9(b) motion and an appellant should not be penalized for being too diligent. *Id.* at 289, ¶¶ 11–12, 3 P.3d at 1209.

*My Dissent*

¶ 18 I dissent for two reasons. First, drawing a distinction about jurisdiction based simply on who filed the tolling motion appears to make little sense. Regardless of who filed the tolling motion, the notice of appeal should either be a nullity to avoid moving targets on appeal and promote judicial efficiency or merely premature and cured of its prematurity as soon as a signed order is entered disposing of the tolling motion. If the supreme court resolves this tension by holding that a notice of appeal filed by either the party filing the tolling motion or its opponent is merely premature, then at a minimum we have jurisdiction of Wife's notice of appeal and for the reasons stated below, of Husband's notice of cross-appeal.

¶ 19 Second, I dissent because, as of the date the two notices of appeal were filed in this case, *Performance Funding* had never been questioned, overruled, or criticized in a published opinion. Thus, Wife was justified in relying on it. The Arizona Supreme Court did not address *Performance Funding* in *Smith*, probably because in *Smith* the appellant was the party who had filed a notice of appeal during the pendency of his own peti-

---

**2.** At the same time, *Baumann* and *Smith* do not create a trap for the unwary litigant. The appellant can file a notice of appeal while its tolling motion is pending and if the court later determines the motion is not a tolling motion under ARCAP 9(b), the appellant has not lost the ability to appeal from the underlying judgment. However, if the motion is a tolling motion under ARCAP 9(b), once the trial court issues an order disposing of the motion, the appellant is well-aware that all it has to do then is file a new notice of appeal within thirty days of the entry of the order and its appeal will be timely.

Moreover, Arizona caselaw makes clear that the parties and a court will know when a Rule 59 motion is truly a tolling motion or only a motion for reconsideration. To be a tolling motion, the motion must refer to the appropriate rule and describe grounds set forth in that rule. *Desmond v. J.W. Hancock Enters.*, 123 Ariz. 474, 475, 600 P.2d 1106, 1107 (1979). Alternatively, if the superior court specifically states it is treating the motion as one under one of the tolling rules, then it is considered a tolling motion. *Farmers Ins. Co. of Ariz. v. Vagnozzi*, 132 Ariz. 219, 221–22, 644 P.2d 1305, 1307–08 (1982).

tion for rehearing. While the majority notes, *supra* ¶ 5, that *Performance Funding* was questioned in *Engel*, that fact is not determinative for two separate reasons. The criticism was mere dictum because *Engel* involved a time-extending motion and notice of appeal filed by the same party.[3] Equally important, *Engel* was decided on April 30, 2009, over five months *after* the superior court denied Husband's Rule 9(b) motion and after the time to appeal had expired if *Performance Funding* was not good law. Thus, we cannot say that *Engel* put Wife on notice that *Performance Funding* might not be controlling or even good law.

¶ 20 Nor can we say that a ruling depriving Wife of the right to appeal because we disagree with the precedent she relies on is merely procedural and can be applied to this case. Certainly, the time to file an appeal can be seen as a procedural rather than a substantive right and therefore a ruling disagreeing with *Performance Funding* can be applied to the facts in this case. *See State v. Birmingham*, 96 Ariz. 109, 110, 392 P.2d 775, 776 (1964) (Civil Rule 58(a) requirements for order to be appealable are procedural in nature); *State Compensation Fund of Ariz. v. Fink*, 224 Ariz. 611, 613–14, ¶¶ 9–11, 233 P.3d 1190, 1192–93 (App.2010) (changes to intervention statute which would allow intervention are not retroactive when applied to future motion to intervene and are deemed procedural because they relate to manner in which rights are to be enforced). *Contra, In re Daniel H.*, 237 Conn. 364, 678 A.2d 462, 467 (1996) (eliminating juvenile's right to appeal from interlocutory order deemed substantive in nature).[4] However, changes in the law which may be procedural should not be applied to violate vested rights. *Fink,*

224 Ariz. at 613, ¶ 10, 233 P.3d at 1192; *State v. Gum*, 214 Ariz. 397, 404–05, ¶¶ 26–28, 153 P.3d 418, 425–26 (App.2007) (to determine whether extension of statute of limitations can be applied, court should examine whether the legislation disturbs vested substantive rights by retroactively changing the law that applies to completed events; extension of limitations period would affect vested rights of defendant if it cut off the right to assert limitations defense after the prior limitations time had expired); *Brunet v. Murphy*, 212 Ariz. 534, 537–38, ¶¶ 13–15, 135 P.3d 714, 717–18 (App.2006) (right vests at the time the suit is brought and prior to that time is subject to limitation or abrogation by legislature). *See also State v. Aguilar*, 218 Ariz. 25, 33, ¶ 28, 178 P.3d 497, 505 (App.2008) (even if statute affects jurisdiction of court, decision whether to apply it to pending case is based on whether it will affect vested substantive right).

¶ 21 At the time Wife filed her notice of appeal, Wife was fully entitled to assume her notice was effective because *Performance Funding* was still the controlling law. To hold that she was not entitled to rely on a controlling published opinion because we disagree with that opinion and now foreclose her appeal *after the time to appeal has expired* deprives her of her vested right to appeal, undermines the force of published opinions, and creates a trap for the unwary as well as for the wary.

¶ 22 Accordingly, I conclude that we have jurisdiction of Wife's appeal. Moreover, while Husband filed his notice of appeal while his time-extending motion was still pending in the superior court, he apparently did so to comply with ARCAP 9(a), providing that notices of cross-appeal by an opposing

---

3. Moreover, *Engel* relied on *Smith* to call *Performance Funding* into doubt. 221 Ariz. at 509, ¶ 13, 212 P.3d at 847. However, *Smith* did not cite *Performance Funding* because it was dealing only with the issue of when an appellant has filed a notice of appeal during the pendency of its own tolling motion.

4. Of course, if the time to appeal is deemed substantive in nature, any decision to pre-empt that right to appeal after the time to appeal had

expired would meet the test for not applying a substantive decision to the facts at hand. *Turken v. Gordon*, 223 Ariz. 342, 351, ¶ 44, 224 P.3d 158, 167 (2010) (to determine if ruling should apply to case at bar, court should determine if decision overrules settled precedent, if decision establishes a new legal precedent whose resolution was not foreshadowed, and if applying ruling to pending case would amount to a substantial inequitable result).

party may be filed within twenty days of the filing of a notice of appeal. Given that Wife's appeal was effective under *Performance Funding*, I would hold that Husband's compliance with ARCAP 9(a) trumps the fact that his notice of appeal was filed during the pendency of his time-extending motion.