SUPREME COURT OF ARIZONA
En Banc

| | | |
|---|---|---|
| In re the Marriage of: | ) | Arizona Supreme Court |
| | ) | No. CV-10-0397-PR |
| SUE LYNN CRAIG, | ) | |
| | ) | Court of Appeals |
| Petitioner/Appellant | ) | Division One |
| Cross-Appellee, | ) | No. 1 CA-CV 08-0776 |
| | ) | |
| v. | ) | Maricopa County |
| | ) | Superior Court |
| ROGER THOMAS CRAIG, | ) | No. FN2004-092607 |
| | ) | |
| Respondent/Appellee | ) | |
| Cross-Appellant. | ) | |
| | ) | **O P I N I O N** |
| _____ | ) | |

Appeal from the Superior Court in Maricopa County
The Honorable Dean M. Fink, Judge
_____

Opinion of the Court of Appeals, Division One
225 Ariz. 508, 240 P.3d 1270 (App. 2010)

**AFFIRMED**
_____

SLATON LAW OFFICE, P.C.                                    Scottsdale
     By    Sandra L. Slaton
           Douglas Lowden
Attorneys for Sue Lynn Craig

KEITH R. LALLISS, ATTORNEY AT LAW                               Mesa
     By    Keith R. Lalliss
Attorney for Roger Thomas Craig
_____

**H U R W I T Z**, Vice Chief Justice

**¶1**      We stated thirty years ago that appellate courts should "dismiss for lack of jurisdiction the case where a litigant attempts to appeal where a motion is still pending in

the trial court." *Barassi v. Matison*, 130 Ariz. 418, 422, 636 P.2d 1200, 1204 (1981). At issue today is whether this dictum applies when the notice of appeal is filed by a non-moving party.

**I.**

¶2 On September 9, 2008, the superior court issued a decree dissolving the marriage of Sue Lynn Craig ("Wife") and Roger Thomas Craig ("Husband"). Husband timely filed a motion for new trial or to amend the decree under Arizona Rules of Family Law Procedure 83 and 84. Before the court ruled on Husband's motion, however, Wife filed a notice of appeal. Husband then cross-appealed. The superior court later denied Husband's motion. Neither party filed a new or amended notice of appeal.

¶3 Relying on *Barassi*, a divided court of appeals dismissed both fully-briefed appeals for lack of jurisdiction. *Craig v. Craig*, 225 Ariz. 508, 509 ¶ 1, 240 P.3d 1270, 1271 (App. 2010). The majority noted that *Performance Funding, L.L.C. v. Barcon Corp.*, 197 Ariz. 286, 3 P.3d 1206 (App. 2000), found the general *Barassi* rule inapplicable when a notice of appeal is filed by a party other than the one who filed the time-extending motion. *Craig*, 225 Ariz. at 509 ¶ 5, 240 P.3d at 1271. However, the majority concluded that this Court "reaffirmed" *Barassi* in *Smith v. Arizona Citizens Clean*

2

*Elections Commission*, 212 Ariz. 407, 415 ¶ 38, 132 P.3d 1187, 1195 (2006), and therefore dismissed the appeals.

¶4        Judge Kessler dissented, perceiving "tension" between *Performance Funding* and *Smith*, as the latter did not deal with an appeal filed by a party who had not filed the time-extending motion.  *Id.* at 509-10 ¶ 7, 240 P.3d at 1271-72 (Kessler, J., dissenting).  Judge Kessler also believed that Wife had a right to rely on *Performance Funding*, because it "had not been overruled, questioned, or vacated" when she filed her notice of appeal.  *Id.* at 510 ¶ 8, 240 P.3d at 1272.

¶5        We granted Wife's petition for review because the scope of appellate jurisdiction is a recurrent issue of statewide importance.  ARCAP 23(c).  We have jurisdiction under Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2010).

## II.

¶6        An appeal may be filed from "a final judgment entered in . . . superior court."  A.R.S. § 12-2101(B).  The dissolution decree in this case was indisputably a final judgment.  Appeal also lies from an order granting or denying a new trial.  A.R.S. § 12-2101(F)(1).[1]

---

[1]        Because Arizona Rule of Family Law Procedure 78(A) defines "judgment" as "a decree and an order from which an appeal lies," an order granting or denying a new trial is also an appealable "judgment" for purposes of Arizona's procedural rules.  *See also*

3

¶7     After "the entry of the judgment from which the appeal is taken," a notice of appeal must be filed within thirty days "unless a different time is provided by law." ARCAP 9(a). However, if any party files any of a series of specified post-judgment motions – including a motion for a new trial - the "time for appeal for all parties is extended" and does not begin to run until the entry of an order disposing of such motions. ARCAP 9(b).

¶8     The interplay of the appeals statute and our procedural rules has periodically required Arizona courts to address appellate jurisdiction when a notice of appeal was filed before the entry of an order disposing of a time-extending post-judgment motion. In *Barassi*, the notice of appeal was filed after the superior court issued a minute entry denying a motion for a new trial, but before the formal entry of that order under Arizona Rule of Civil Procedure 58(a), which requires that all judgments "be in writing . . . and signed by a judge." 130 Ariz. at 419, 636 P.2d at 1201. We therefore characterized the notice of appeal as "premature." *Id*. at 420, 636 P.2d at 1202.

¶9     In *Barassi*, we did not dismiss the premature appeal. Rather, we reinstated the appeal and noted:

    The underlying rationale of requiring a final judgment
    for appealability is to avoid the constant disruption
_____
Ariz. R. Civ. P. 54(a) (containing identical definition of "judgment").

4

> of the trial process, to prevent appellate courts from
> considering issues that may be addressed later in
> trial, and to promote efficiency . . . .  To permit an
> appeal in the instant case does not circumvent these
> concepts.

*Id.* at 421, 636 P.2d at 1203.  We expressly cautioned, however, that this exception to the final judgment rule was limited, stressing that ordinarily, appellate courts lack jurisdiction if "a litigant attempts to appeal where a motion is still pending in the trial court."  *Id.* at 422, 636 P.2d at 1204.

¶10     The court of appeals applied this principle in *Baumann v. Tuton*, in which a party moved for a new trial but filed a notice of appeal while the motion was pending.  180 Ariz. 370, 371, 884 P.2d 256, 257 (App. 1994).  Citing *Barassi*, the court held that a notice of appeal filed under those circumstances "disrupt[s] the trial process and require[s] [the court of appeals] to consider issues that are more appropriately considered by the trial court."  *Id.* at 372, 884 P.2d at 258.  Accordingly, the court found that it lacked jurisdiction, characterizing the notice of appeal as a "nullity."  *Id.* at 372-73, 884 P.2d at 258-59.

¶11     In *Performance Funding*, however, the court of appeals sustained jurisdiction over an appeal filed by one party while the other party's time-extending motion was still pending, declining to follow the *Barassi* dictum.  197 Ariz. at 288 ¶ 7, 3 P.3d at 1208.  *Performance Funding* also distinguished *Baumann*,

noting the "party there filed a notice of appeal while his *own* time-extending motion was pending." *Id.* at 289 ¶ 10, 3 P.3d at 1209.

¶12 Six years later, we flatly stated that *Barassi* "create[d] only a limited exception to the final judgment rule," allowing a notice of appeal to be filed "after the trial court has made its final decision, but before it has entered a formal judgment," and that the *Barassi* exception applied only "if no decision of the court could change and the only remaining task is merely ministerial." *Smith*, 212 Ariz. at 415 ¶ 37, 132 P.3d at 1195. Because *Smith* involved an appeal by the same party who had filed the post-hearing motion, our opinion did not discuss *Performance Funding*. In *Engel v. Landman*, however, the court of appeals observed that *Smith*'s "reprise of the cautionary language concerning time-extending motions in *Barassi*" meant that the language could no longer be "dismiss[ed] . . . as mere *dictum*." 221 Ariz. 504, 509 ¶ 13, 212 P.3d 842, 847 (App. 2009). *Engel* therefore found *Performance Funding* no longer controlling, *id.*, and dismissed an appeal filed by a party while a time-extending motion filed by the other party was still pending, *id.* at 509-10 ¶ 16, 212 P.3d at 847-48.

## III.

¶13 The majority below and the unanimous panel in *Engel* had it right. We repeat what we said in *Smith*: *Barassi*

6

"create[d] only a *limited exception* to the final judgment rule that allows a notice of appeal to be filed after the trial court has made its final decision, but before it has entered a formal judgment, if no decision of the court could change and the only remaining task is merely ministerial." 212 Ariz. at 415 ¶ 37, 132 P.3d at 1195 (emphasis added). In *all* other cases, a notice of appeal filed in the absence of a final judgment, or while any party's time-extending motion is pending before the trial court, is "ineffective" and a nullity. *See id.* at 415 ¶ 39, 132 P.3d at 1195; *Engel*, 221 Ariz. at 509 ¶ 13, 212 P.3d at 847 ("[O]utside the slim exception announced in *Barassi*, premature notices of appeal are ineffective because they disrupt the court process and prevent two courts from assuming jurisdiction and acting at the same time.").

¶14 We reject Wife's suggestion that we should resuscitate *Performance Funding*, which turned on which party had filed the time-extending motion. Even the dissenting judge below conceded that this distinction "make[s] little sense." *Craig*, 225 Ariz. at 512 ¶ 18, 249 P.3d at 1274 (Kessler, J., dissenting). No matter who files it, a premature notice of appeal "disrupt[s] the trial process" in the same way, leaving the superior court uncertain as to its jurisdiction to decide a pending motion. *Baumann*, 180 Ariz. at 372, 884 P.2d at 258.

7

¶15     We also reject Wife's suggestion that we today read ARCAP 9(b) as *in haec verba* with Federal Rule of Appellate Procedure 4(a)(4)(B)(i).  The federal rule provides:

> If a party files a notice of appeal after the court announces or enters a judgment - but before it disposes of any motion listed in Rule 4(a)(4)(A) - the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Whatever the conceptual merits of the federal rule, the language of ARCAP 9(b) is different, and Arizona jurisprudence interpreting our rule has taken a diametrically opposite approach for some thirty years.  A dramatic change to Arizona appellate procedure should occur through rulemaking, not through an opinion effectively rewriting our appellate rules and abandoning settled precedent.  *See* Ariz. R. Sup. Ct. 28(A) (providing for amendment of procedural rules).

## IV.

¶16     At oral argument, Husband did not oppose Wife's argument that the two appeals should be considered on the merits.  Accordingly, Husband and Wife agreed to file a stipulated request in the superior court under Arizona Rule of Family Law Procedure 85(C)(1)(f), seeking temporary relief from – and immediate reinstatement of – the dissolution decree and the order denying Husband's motion for new trial.  Because these appeals relate only to the division of property, we are

8

confident that the trial court will grant such a stipulated motion, allowing both parties to file fresh notices of appeal. The court of appeals can then reinstate the previously dismissed appeals and consider them on the briefing already submitted.

**V.**

**¶17** For the reasons above, we affirm the opinion of the court of appeals.

_____
Andrew D. Hurwitz, Vice Chief Justice

CONCURRING:

_____
Rebecca White Berch, Chief Justice

_____
W. Scott Bales, Justice

_____
A. John Pelander, Justice

_____
Robert M. Brutinel, Justice