NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ANNA T., *Appellant,*

*v.*

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, J.T., *Appellees.*

No. 1 CA-JV 13-0235
FILED 3-20-2014

Appeal from the Superior Court in Maricopa County
JD22933
The Honorable Cari A. Harrison Judge

**VACATED AND REMANDED**

COUNSEL

Vierling Law Offices, Phoenix
By Thomas A. Vierling
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Nicholas Chapman-Hushek
*Counsel for Appellee Arizona Department of Economic Security*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Margaret H. Downie and Judge Michael J. Brown joined.

---

**C A T T A N I**, Judge:

¶1            Anna T. ("Mother") appeals the superior court's order terminating her parental rights as to her son J.T.  For reasons that follow, we vacate the severance order and remand the matter to the superior court for further proceedings consistent with this decision.

### FACTS AND PROCEDURAL BACKGROUND

¶2            J.T., who has cystic fibrosis, was born in April 1999.[1]  The Arizona Department of Economic Security ("ADES") took J.T. into care on November 28, 2012 after J.T. threatened to kill Mother if he were to be returned to her care upon his release from a behavioral health facility.  The superior court affirmed the removal on December 14 and, in early February 2013, found J.T. dependent as to Mother.  J.T. began living with his maternal grandfather in June 2013.

¶3            ADES offered Mother various reunification services.  Mother took advantage of some of the proffered services, but by the end of February 2013, indicated her intent to give up her parental rights.  At some point in early June 2013, however, Mother sought to resume reunification services, although the record is unclear as to what further services were requested or established.

¶4            In early July 2013, Mother and her significant other moved to Michigan without informing ADES.  Although the record is not clear, Mother apparently did not have any contact with her attorney after moving to Michigan.

¶5            Before the move, Mother attended all court hearings.  Mother failed to appear at the first hearing after her move, which had been continued from its originally scheduled date.  The court at that

---

[1]      J.T.'s father, although a party to the proceedings in superior court, is not a party to this appeal.

hearing changed the case plan to severance and adoption and set an initial severance hearing. ADES filed a severance motion seeking termination of Mother's parental rights based on nine months' time in care. The severance motion listed Mother's Michigan address, but was served only on counsel.

¶6 Mother failed to appear at the August 22, 2013 initial severance hearing. Mother's counsel told the court he had not had recent contact with Mother and that it was his understanding that "she's out of town somewhere. So, I'm not sure exactly where she's at and I'm not sure if [ADES] sent another parent locate or a parent locate on her, but I don't know where she's at." ADES's attorney indicated ADES had an address "but that she moved to Michigan," and the case manager stated "I e-mailed an address." The court then acknowledged that Mother had participated in all hearings before the most recent one, but "failed to then keep [ADES] or her attorney updated with current information."

¶7 After Mother's counsel acknowledged having received the severance motion, the court found Mother had been served though counsel, had failed to maintain contact, and had failed to call in or appear personally for the initial severance hearing without good cause. Accordingly, the superior court found Mother had waived her right to contest the allegations of the severance motion and proceeded with the hearing in her absence.

¶8 At the close of the hearing, which was held approximately one week before J.T. had been in an out-of-home placement for nine months, the court found that ADES had proven the nine months' time-in-care ground and that severance would be in J.T.'s best interests. The court therefore terminated Mother's parental rights as to J.T. Less than one week later—before either the unsigned severance minute entry or the formal written severance order was filed—Mother filed a change of address form, a notice of appeal, a request for appointment of counsel, and a request for all court documents. Mother's counsel then moved to withdraw and requested appointment of appellate counsel. ADES thereafter filed a proposed severance order, which the court signed and filed at the end of September 2013.

¶9 Mother filed a premature notice of appeal after the superior court orally rendered its decision but before the signed order was filed. *See* Ariz. Rev. Stat. ("A.R.S.") § 8-235; Ariz. R.P. Juv. Ct. ("ARPJC") 103,

104.[2] Although we generally lack jurisdiction over a premature appeal, jurisdiction is proper where the premature notice of appeal was "filed after the trial court has made its final decision, but before it has entered a formal judgment, if no decision of the court could change and the only remaining task is merely ministerial." *Craig v. Craig*, 227 Ariz. 105, 107, ¶ 13, 253 P.3d 624, 626 (2011) (citation omitted). Here, the court had made oral findings and reached a final decision on all issues before Mother filed her notice of appeal, and later formalized its decision in a signed order reciting consistent findings. In these circumstances, we conclude—as ADES agrees—that jurisdiction is proper. *See also* A.R.S. § 8-235.

## DISCUSSION

¶10 Mother argues that ADES failed to present sufficient evidence to establish either nine months' time in care or that severance is in J.T.'s best interests. Mother also claims she lacked notice of the severance hearing due to ineffective assistance of counsel and that the superior court therefore erred by proceeding in her absence. We review the superior court's severance order for an abuse of discretion, accepting the court's factual findings unless clearly erroneous. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8, 83 P.3d 43, 47 (App. 2004).

¶11 The superior court may terminate the parent–child relationship only if clear and convincing evidence establishes at least one statutory ground for severance and a preponderance of the evidence shows severance to be in the child's best interests. A.R.S. § 8-533(B); *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22, 110 P.3d 1013, 1018 (2005). The statutory ground of nine months' time in care requires proof that, among other requirements, the child has been in an out-of-home placement for at least nine months. A.R.S. § 8-533(B)(8)(a).

¶12 ADES first took J.T. into care on November 28, 2012. Only eight months and 25 days had elapsed by the time of the August 22, 2013 severance hearing at which the superior court decided severance was warranted based on the only statutory ground alleged: nine months' time in care. ADES concedes that "[J.T.] had not lived in an out-of-home placement for nine months by the time of the August 22, 2013[] termination hearing," but argues that this court should take judicial notice of the fact that nine months had passed by the time the unsigned minute

---

[2] Absent material revisions after the relevant date, we cite a statute's current version.

entry reflecting the superior court's termination decision was filed on September 6, 2013.

¶13   Grounds for severance must be established by clear and convincing evidence. *Mary Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, 190, ¶ 25, 971 P.2d 1046, 1051 (App. 1999). Such grounds were not established here because J.T. had not been in care for nine months at the time of the severance hearing. We decline to take judicial notice of facts (the subsequent passage of time in care) that did not exist at the time of the hearing. We also note that, even if we were to take judicial notice that additional time elapsed before the superior court filed its minute entry terminating Mother's parental rights, we would also be required to assess other relevant circumstances (including ongoing reunification efforts during that time period) for which no evidence has been presented.

¶14   Because the sole ground for severance was not established by clear and convincing evidence, we vacate the severance order. In light of our ruling, we need not address Mother's ineffective assistance of counsel claim; on remand, the superior court will be required to conduct a new severance hearing, of which Mother will presumably receive notice.

## CONCLUSION

¶15   Based on the foregoing, we vacate the severance order and remand for a new severance hearing.



Ruth A. Willingham · Clerk of the Court
FILED: mjt