NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

_____

*In re the Matter of:*

CARMEN LYNN HIEGER, *Petitioner/Appellant,*

*v.*

BRIAN MATTHEW HIEGER, *Respondent/Appellee.*

No. 1 CA-CV 17-0753 FC
FILED 8-30-2018

_____

Appeal from the Superior Court in Maricopa County
No. FC2011-004930
The Honorable Stephen M. Hopkins, Judge

**AFFIRMED**

_____

COUNSEL

Stewart Law Group, Chandler
By Dianne Nicole Sullivan
*Counsel for Petitioner/Appellant*

Brian Matthew Hieger, Gilbert
*Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Maria Elena Cruz joined.

---

**C A T T A N I**, Judge:

**¶1**        Carmen Blevins ("Mother") appeals from the superior court's denial of her motion to modify parenting time and legal decision-making, its determination of her gross income for purposes of child support, and its award of attorney's fees to Brian Hieger ("Father"). For reasons that follow, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**        Mother and Father's 2012 divorce decree specified joint legal decision-making and equal parenting time of their minor children, F.H., C.H., and J.H. In 2014, Father petitioned to modify legal decision-making and parenting time, arguing Mother's alleged inadequate supervision, parental alienation, and refusal to follow court orders were a change of circumstances justifying modification of the parenting plan. On Father's motion, the superior court appointed a behavioral health professional to conduct a comprehensive family evaluation ("CFE") to assist in considering Father's request to modify legal decision-making and parenting time. Ultimately, the superior court concluded that a sufficient and material change of circumstances justified modifying the parenting plan, but the court nevertheless determined that joint legal decision-making was still in the children's best interests. The court determined that equal parenting time was still best for J.H., and the parties agreed that C.H. would reside with Father.[1]

**¶3**        In 2017, while in Father's care, J.H. left Father's house, was later found at Mother's house, and refused to return to Father's house. Mother allowed J.H. to stay at her house and refused to assist Father in exercising his parenting time. Father then filed a petition to enforce parenting time, and in response, Mother filed a petition for modification of legal decision-making, parenting time, and child support. Mother also

---

[1]        F.H. turned 18 before Father's petition for modification was filed.

petitioned the court to interview J.H. "pursuant to A.R.S. § 25-403(A)(4)" before ruling. The court declined to do so.

¶4 Mother renewed her request for the court to interview J.H. at the evidentiary hearing, asserting that it was required under § 25-403(A)(4). The court again denied Mother's request to interview J.H., reasoning that 14-year-old J.H. was not of suitable age. Ultimately, the court denied Mother's petition to modify parenting time and legal decision-making, finding that a modification was not in J.H.'s best interests. The court modified child support, finding that Mother had $9,000 of additional monthly income from a rental property that she had failed to report, and awarded Father his reasonable attorney's fees and costs. The court deferred determination of the amount of attorney's fees to be awarded pending submission of appropriate documentation.

¶5 The court certified its minute entry as a final, appealable order under Arizona Rule of Family Law Procedure 81 even though the court had not yet determined the amount of Father's attorney's fees. Mother timely filed her notice of appeal before the court determined the amount of Father's attorney's fees. She did not file a subsequent notice of appeal. Accordingly, we have jurisdiction to consider the merits of the issues resolved in the minute entry, including the denial of Mother's petition to modify, *see* A.R.S. § 12-2101(A)(2), but we lack jurisdiction to consider the award of Father's attorney's fees because the notice of appeal as to attorney's fees was premature. *See Craig v. Craig*, 227 Ariz. 105, 107, ¶ 13 (2011).

## DISCUSSION

### I. Alleged Failure to Consider Child's Wishes.

¶6 According to Mother, the superior court erred by not considering the wishes of J.H. when it determined legal decision-making and parenting time. We review determinations of legal decision-making and parenting time for an abuse of discretion. *Nicaise v. Sundaram*, 244 Ariz. 272, 278, ¶ 16 (App. 2018).

¶7 Determinations of legal decision-making and parenting time must be made "in accordance with the best interests of the child." A.R.S. § 25-403(A). To determine the best interests of the child, the court must consider all relevant factors, including "the wishes of the child" if the child is "of suitable age and maturity." A.R.S. § 25-403(A)(4).

3

**¶8**        Here, Mother has not shown that the superior court failed to consider J.H.'s wishes.   The CFE noted that Mother inappropriately involved the children in the case by presenting them with adult information related to the dispute.   Mother also engaged in alienating behavior, allowing the children to refer to Father as "Brian" and fostering an environment that caused the children to gain favor by making negative comments about Father.  The CFE further noted a concern that Mother was coaching J.H.  Moreover, the court was free to consider the fact that Mother provided a much less structured environment than Father, which may have tainted J.H.'s wishes.  Accordingly, the court did not abuse its discretion by declining to modify parenting time notwithstanding uncontested evidence that J.H. wanted to live with Mother.

**¶9**        To the extent Mother argues that the superior court erred by refusing to interview J.H., again she has shown no error.   Although the superior court may interview a child that is the subject of a legal decision-making or parenting time dispute, *see* Ariz. R. Fam. Law P. 12(A), such an interview is not required under A.R.S. § 25-403(A)(4).   Accordingly, the superior court did not err by declining to interview J.H.

## II.    Best Interests.

**¶10**        Mother next argues that the superior court erred by finding that a modification of parenting time was not in J.H.'s best interests.  Mother asserts that the strained relationship between Father and J.H. demonstrates both a change in circumstances and that modification of parenting time is in J.H.'s best interests.   However, Father and J.H.'s strained relationship was not disputed, and Mother's argument essentially asks us to reweigh the evidence on appeal, which we will not do.  *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).  Accordingly, the superior court did not abuse its discretion by finding that modification of parenting time was not in J.H.'s best interests.

## III.    Mother's Income.

**¶11**        Mother finally argues that the superior court erred when it determined her gross monthly income because it did not deduct expenses from her rental income.  We review for an abuse of discretion the superior court's determination of gross income for child support purposes.  *See Milinovich v. Womack*, 236 Ariz. 612, 615, ¶ 7 (App. 2015).

**¶12**        Under § 5(C) of the Arizona Child Support Guidelines ("Guidelines"), A.R.S. § 25-320 app., gross income includes "gross receipts [from rental income] minus ordinary and necessary expenses required to

produce income." Here, Mother owned rental property with an annual lease agreement for $108,000. Although Mother claimed certain expenses associated with the rental property—mortgage, inheritance tax, attorney's fees, and property taxes—she did not provide documentation substantiating those expenses. Thus, the superior court's determination of her income was a credibility determination, to which we defer. *See In re Marriage of Foster*, 240 Ariz. 99, 101, ¶ 5 (App. 2016). Moreover, Mother initially failed to disclose her rental income, then denied the existence of a written lease agreement, and then—even after being confronted with the written lease—claimed that the lease was inaccurate and had been created only to receive a loan. Accordingly, the superior court did not err when it calculated Mother's monthly income.

## CONCLUSION

**¶13** For the forgoing reasons, we affirm. After considering the relevant factors under A.R.S. § 25-324, we deny Mother's request for an award of attorney's fees on appeal; because she is not the prevailing party, we also deny her request for costs on appeal. As the prevailing party, Father is entitled to his costs on appeal upon compliance with ARCAP 21.

