NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN THE MATTER OF:

485,890 U.S. CURRENCY

STATE OF ARIZONA, *Petitioner/Appellee,*

*v.*

CHRISTIAN TAYLOR, *Respondent/Appellant.*

No. 1 CA-CV 23-0348
FILED 2-27-2024

Appeal from the Superior Court in Mohave County
No.  S8015CV2021000814
The Honorable Lee Frank Jantzen, Judge

**AFFIRMED**

COUNSEL

Tucson Defenders:  Attorneys At Law, Tucson
By Nicholas M. Loncar
*Counsel for Respondent/Appellant*

Mohave County Attorney's Office, Kingman
By Jeffrey B. Haws
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

**¶1**         In this forfeiture action, claimant Christian Taylor appeals from a final judgment forfeiting $485,890 to the State of Arizona. Because Taylor has shown no error, the judgment is affirmed.

## FACTS AND PROCEDURAL HISTORY

**¶2**         In June 2021, law enforcement officers stopped a van on Interstate 40 in Mohave County, later determined to be involved in illegal drug transportation. Hidden in the van, they found and seized $485,890 in cash. Taylor was in Oklahoma at the time of the seizure.

**¶3**         On August 2, 2021, the State filed a Notice of Pending Forfeiture for the cash in superior court. By September 23, 2021, Taylor had filed, and amended, a competing claim to the cash.

**¶4**         On September 29, 2021, amendments to Arizona's forfeiture statutes contained in House Bill 2810 became effective. Along with other changes, H.B. 2810 added the requirement that "[t]he owner" of property had to be "convicted of an offense to which forfeiture applies" to be subject to forfeiture. *See* A.R.S. § 13-4304(A)(1) (effective 9/29/2021). There was no such conviction applicable in this forfeiture.

**¶5**         On October 4, 2021, following its Notice of Pending Forfeiture, the State filed a civil Complaint to Forfeit Personal Property in this same proceeding. Taylor moved to dismiss, arguing H.B. 2810 applied and the State's claim failed because it did not allege a forfeiture-eligible conviction. After briefing and oral argument, the court denied Taylor's motion, stating the "case commenced with the filing of the Notice of Forfeiture" before H.B. 2810 became effective, meaning pre-H.B. 2810 law (which did not require a conviction) applied.

¶6 After a May 2023 bench trial, where Taylor and others testified, the court found Taylor failed to show ownership of the cash by a preponderance of the evidence. The court also found Taylor's testimony was not credible, that he had no valid claim to the cash and that the cash had been used for illegal purposes. This court has jurisdiction over Taylor's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

### I.     H.B. 2810 Does Not Apply to This Case.

¶7 This court reviews de novo whether H.B. 2810 applies to this case. *See Matter of U.S. Currency In the Amount of $315,900.00*, 183 Ariz. 208, 211 (App. 1995). Taylor argues H.B. 2810 applies and required the State to plead and prove a forfeiture-eligible conviction, which did not occur. Taylor argues that "[t]he fact that the seizure, notice, and claims were filed prior to the effective date of H.B. 2810 does not justify the subsequent pleading and application of expired law to this action." Although recognizing the Notice of Pending Forfeiture was filed before the effective date of H.B. 2810, Taylor's argument is based on the Complaint being filed after H.B. 2810's September 29, 2021 effective date.

¶8 "No statute is retroactive unless expressly declared therein." A.R.S. § 1-244. H.B. 2810 contains no express declaration of retroactivity. Nor has Taylor shown any applicable exceptions apply here. The H.B. 2810 change to require a conviction is a substantive change, addressing what is required for a forfeiture. *See City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, 549 ¶ 17 (2005). Accordingly, it is not a "change[] in procedures or remedies" that properly could apply to pending proceedings without impairing vested rights. *See State Compensation Fund of Arizona v. Fink*, 224 Ariz. 611, 612-13 ¶ 10 (2010) (citing cases). Thus, Taylor has not shown that H.B. 2810 applies here.

¶9 Contrary to Taylor's alternative argument about when this action began, under Arizona law as it existed both before and after H.B. 2810, this action started before the September 29, 2021 effective date of H.B. 2810.

¶10 Under the law before H.B. 2810, the State filed a "notice of pending forfeiture" to "initiate" a forfeiture proceeding. A.R.S. § 13-4308(B) (State may "initiate forfeiture proceedings against property seized for forfeiture by notice of pending forfeiture") (effective before 9/29/2021); *accord Matter of 2000 Peterbilt Tractor & Trailer*, 240 Ariz. 450, 452 ¶ 8 (App.

2016) (noting "the State commenced the forfeiture action by filing a notice of pending forfeiture"). Under that law, the State initiated this action when it filed the Notice of Pending Forfeiture on August 2, 2021, nearly two months before H.B. 2810 became effective.

¶11            Under H.B. 2810, Taylor argues that a forfeiture proceeding does not begin until the filing of a complaint, which he asserts is the "commencement" of the action. The State did not file the Complaint until October 4, 2021, after H.B. 2810 became effective, which Taylor argues means H.B. 2810 applies. H.B. 2810 amended the statute so that it now provides that the State "may cause the commencement of further judicial forfeiture proceedings for which a notice of pending forfeiture has been filed and made by filing a complaint if a claim has been filed." A.R.S. § 13-4308(A) (effective 9/29/2021). Taylor's argument, however, misses the mark.

¶12            Section 4308(A) authorizes "the commencement of *further* judicial forfeiture proceedings" by filing a complaint. (Emphasis added.) Thus, Section 4308(A) contemplates the filing of a complaint in a judicial proceeding that already exists and, by definition, had already begun. As applied, the State initiated this judicial proceeding on August 2, 2021, when it filed the Notice of Pending Forfeiture. Similarly, Taylor's argument does not account for Section 4307(A) as amended by H.B. 2810, which authorizes the State to "file a notice of pending forfeiture proceeding" with the court, which the State did on August 2, 2021.

¶13            For these reasons, Taylor has shown no error in the superior court denying his motion to dismiss.

## II.     Taylor Has Shown No Error in the Superior Court's Determination that He Failed to Show a Legitimate Ownership Interest.

¶14            Taylor argues the superior court imposed an arbitrary burden on him. "[W]hether a claimant has proven ownership by a preponderance of the evidence is a question of fact." *In re U.S. Currency in Amount of $26,980.00,* 199 Ariz. 291, 295 ¶ 9 (App. 2000). Again, Taylor has shown no error.

¶15            In substance, much of Taylor's argument is that the superior court should have weighed the evidence and assessed credibility differently. This court on appeal, however, "do[es] not reweigh conflicting evidence or redetermine the preponderance of the evidence, but examine[s] the record only to determine whether substantial evidence exists to support the trial court's action." *In re U.S. Currency in Amount of $26,980.00,* 199 Ariz.

291, 295 ¶ 10 (App. 2000). Nor has Taylor supported his arguments that the superior court's credibility determination was a due process violation; Taylor has cited no authority providing that a party's testimony, regardless of whether controverted, must be accepted as true by the finder of fact.

**¶16**       Taylor's sufficiency of the evidence argument is further compromised by his failure to provide a transcript of the two-and-a-half-hour bench trial. Taylor properly sought an order to submit a portion of that transcript in an audio recording, but what he provided are excerpts lasting less than three minutes.[1] "[W]here an incomplete record is presented to an appellate court, the missing portions of that record are to be presumed to support the action of the trial court." *Cullison v. City of Peoria*, 120 Ariz. 165, 168 n.2 (1978). Moreover, the superior court was not required to provide a detailed explanation of its credibility assessment, including why the lack of contemporaneous documents memorializing his actions undercut Taylor's credibility.

**¶17**       The record shows the superior court expressly concluded that "Taylor's testimony is not credible" and that he "failed to establish by a preponderance of the evidence that he is an owner or interest holder in the aforementioned property." The court also found the State met its burden of proof. On the appellate record presented, Taylor has not shown that the court erred in assessing the trial testimony.

## CONCLUSION

**¶18**       The judgment is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:   AA

---

[1] The State attempted to submit audio recordings of the trial to this court. Because it failed to obtain an order allowing it to do so under ARCAP 11(f), the court will not consider the State's proffered recordings.